JAMES BRIGHAM ET AL. V. NORMAN F. THOMPSON.

No. 795.

**1.  Parties—Foreclosure of Mortgage.**

In an action to foreclose a mortgage upon land, third persons in actual possession of the land, and having an equity of redemption therein, are necessary parties.

**2.  Venue—Foreclosure of Mortgage.**

Where a note secured by a mortgage upon land is payable in a county other than where the land is situated, an action to foreclose the mortgage is properly brought in such other county, both as against the maker of the note and as against third persons in actual possession of the land.

**3.  Deed—Description.**

The description of land in a deed as all the land which the grantor owned or in which he had an interest in a given county, is sufficient to pass the title to the land owned by him in such county.

**4.  Notice—Possession of Grantor after Conveyance.**

Where a grantor remains in possession after a conveyance of the ·land by deed absolute in terms, his possession will be presumed to be in subordination to his deed.

**5.  Homestead—Mortgage Upon Becomes Effectual When—Deed Absolute —Absence of Notice.**

Where a homestead is conveyed by a deed absolute in terms, but in reality a mortgage, because given to secure a debt, and the grantors remain in possession, they cannot assert the homestead right against the enforcement of a lien upon the property acquired from the grantee by a third person, without notice, actual or ·constructive, that their deed was intended as a mortgage, or that the land was homestead property.

APPEAL from Dallas.  Tried below before Hon. EDWARD GRAY.

*J. G. Mathews*, for appellant.—1.  An adverse claimant, who is a stranger to the mortgage and the estate, cannot be made a party for the purpose of trying his adverse claim in the foreclosure suit brought by the mortgagee against the mortgagor.  Faubion v. Rogers, 66 Texas, 472;  Jones on Mortgages, secs. 1440-1445;  Pelten v. Farnim, 18 Wis., 222;  Dial v. Runnells, 99 U. S., 340;  Grogan v. Spence, 53 Cal., 15; ·Gage v. Perry, 93 Ill., 171.

2.  Where a deed for land fails to identify the same so that it could be found by the description therein given, and fails to refer to other ·deeds, or give any other data from which the land can be found, it is ·void for want of certainty in the description.  Coker v. Roberts, 71 Texas, 597.

3.  Where a party is in possession of land four years after the execution of his deed purporting to be a conveyance of the same, and has remained in actual possession of the same, using, cultivating and enjoying the same, the court should have submitted as a question of fact for the jury to determine as to whether or not he set up adverse claim to his grantee of the land, and whether or not his possession would convey actual notice of whatever claim he had to the land so deeded.

*W. A. Bonner*, for appellee.—1.  Where the court has jurisdiction of .

the subject matter of the suit, all necessary or proper parties can be joined in said suit, no matter where they live. Eckford v. Knox, 67 Texas, 205; Templeman v. Gresham, 61 Texas, 53.

2. This being a suit upon a note payable in Dallas County, and to foreclose a deed of trust upon land, given to secure said note, persons in possession of said land were not only proper parties, but necessary parties to such suit. Story, Pleading, sec. 193; Wilsey, Mortgages, sec. 157; Jones, Mortgages, sec. 1394.

3. The general rule is, that all persons who claim an interest in property on which a lien is sought to be foreclosed, should be made parties. All privies in estate are necessary parties. Templeman v. Gresham, 61 Texas, 53; Faubion v. Rogers, 66 Texas, 475; Hall v. Hall, 11 Texas, 546; Gage v. Perry, 93 Ill., 179; Jones, Mortgages, sec. 1439.

4. If the deed describes the land by its terms, or gives data, from which the description may be found, and made certain, it is sufficient. Smith v. Westall, 76 Texas, 511; Bitner v. Land Co., 67 Texas, 342; Bowles v. Beal, 60 Texas, 323.

NEILL, ASSOCIATE JUSTICE.—Norman F. Thompson, the appellee, filed this suit in the court below against Ernest W. Harrison and his wife Minnie to recover a sum of money due on a promissory note, and to foreclose a mortgage on certain lands given to secure its payment, which note and mortgege are described in our conclusions of fact.

Appellee, in his original petition, made appellants parties defendant, alleging that they were in possession of and claimed the land described in the mortgage, and asked that it be foreclosed as to them, as well as against the mortgagors.

The appellants by their answer pleaded: (1) in abatement, the privilege of being sued in Hunt County, where they alleged they resided and the land was situated; (2) that they were improperly joined as parties defendant; (3) a general and special demurrer; and (4) a general denial and not guilty. Neither Harrison nor his wife answered, but both made default.

The appellants presented to the court their plea to its jurisdiction; their plea in abatement of the action as to them; their plea of misjoinder of parties; and their general and special demurrers, all of which were overruled.

Upon the trial of the cause upon its merits, the jury, in obedience to the peremptory instruction of the court, returned a verdict in favor of appellee against the Harrisons for the amount due on the note, and against all the defendants for a foreclosure of the mortgage lien; upon which verdict the judgment was entered from which this appeal is prosecuted.

*Conclusions of Fact.*—On June 1, 1892, Ernest W. Harrison and his wife Minnie executed their promissory note payable to Norman F. Thompson or order on June 1, 1897, at the office of the Dallas Mort-

gage Company in the city of Dallas, Texas, for the sum of $575, with interest thereon from date at the rate of 6 per cent, payable semi-annually on the first day of June and December of each year according to the tenor and effect of ten coupons attached to said note, for the sum of $17.25 each. The note provides if any of the principal or interest is not paid at maturity, it shall bear interest thereafter at the rate of 10 per cent per annum, payable semi-annually, and that on default in the payment of the interest when due, the principal shall become due and collectible at once, without notice, at the option of the holder of the note. It also provides for payment of 10 per cent as attorney's fees in case of non-payment and institution of suit for collection. When the note was executed, the makers thereof made and delivered to S. M. Finley, trustee, their certain mortgage or deed of trust on sixty-eight acres of land out of two surveys, viz.: "Henry Fullington survey of 160 acres, granted to Chas. W. Warfeled, assignee, August 23, 1861, by patent No. 540, vol. 12, abstract No. 342; and a survey of 15,668,412 square varas, granted to James Cole, August 29, 1848, patent No. 125, vol. 8, abstract No. 152; said 68 acres being two tracts and described as follows: first tract, block A. 39, 10 and 11 of lands of Malinda Brigham, deceased, as partitioned by commissioners of Probate Court of Hunt County; said partition being recorded in Book C, page 579, of probate records of Hunt County, to which reference is had for full description, said blocks lying adjacent and composing one tract of 58 acres. Second tract, 10 acres, being block C., according to the partition of lands of Malinda Brigham, recorded in Book C., page 579, of probate records of Hunt County, to which reference is had for full description."

On December 10, 1888, James Brigham and wife Hulda, Mace Brigham and wife Dora, and William Brigham and wife Ellen, by their deed of that date, which was duly acknowledged and recorded on that day in Hunt County, conveyed to Ernest W. Harrison certain lands described as follows: "All our right, title, claim and interest in and to all that portion of the James Cole headright survey in Hunt County, Texas, situated about 12 miles east of Greenville, which was conveyed to James Brigham by T. M. Kimball; also all our interest in the survey conveyed by ———— to said James Brigham, said last named survey in Hunt · County, Texas. Also hereby conveying whatever portion of said survey that we inherited from our father James Brigham, or which was devised to us by the will of Linda Brigham, being all the land we own or have an interest in Hunt County, Texas." This deed was given to secure a debt owed by grantors to Harrison. When it was executed the three Brighams owned the land described therein, which is the same land described in the mortgage made by Harrison and wife to secure the payment of the note sued on. They were all heads of families, and occupied the lands as their homesteads when the deed was executed, and so continued to occupy the premises until the judgment appealed from was rendered. When the mortgage was executed to secure the note sued on, the appellee neither had notice that the lands were

the homesteads of appellants, nor that the deed from the Brighams to Harrison was executed for the purpose of securing the payment of a debt.

*Conclusions of Law.*—1.  We do not think that the contention of appellants, that they were neither necessary nor proper parties to the suit, can be maintained.  They were in possession of the property, claiming it as their own, when the suit was instituted, and the facts show that they then owned the equity of redemption.  For, their conveyance to Harrison being in effect a mortgage, they were, though not parties to the mortgage made by him to secure the note sued on, entitled to pay the mortgage debt and then hold the property discharged of said mortgage lien.  In order to render a judgment cutting off this equity of redemption, and to authorize the issuance and execution of the necessary process to place the purchaser under the decree of foreclosure in possession, it was absolutely necessary to make the appellants parties defendant. Jones, Mortgages, sec. 1394.

2.  Appellants, being necessary parties, and the District Court of Dallas County, by reason of the note being payable in that county, having jurisdiction of the subject matter of the suit, were properly joined as defendants, though they resided in another county.

3.  It being shown that the appellants were the owners of the land at the time they made the deed to Harrison, the description which conveyed all the land they owned or had an interest in in Hunt County was sufficiently descriptive of the property to pass the title.  Witt v. Harlan, 66 Texas, 661.

4.  The conveyance from appellants purporting to be an absolute deed was admissible in evidence for the purpose of showing that no presumption of ownership arose from appellant's possession of the premises, but that their possession would be presumed to be in subordination to their deed to Harrison.  Eylar v. Eylar, 60 Texas, 315;  Love v. Breedlove, 75 Texas, 649;  Hurt v. Cooper, 63 Texas, 362;  Heidenheimer v. Stewart, 65 Texas, 321;  Michael v. Knapp, 4 Texas Civ. App., 467.

5.  The appellee, at the time he took the mortgage to secure the note sued on, having neither actual nor constructive notice that the appellants' deed to Harrison was intended as a mortgage, nor that the land conveyed was claimed by appellants as their homesteads, was entitled, as against appellants, to have his mortgage foreclosed.

The judgment of the District Court is affirmed.

*Affirmed.*

Delivered February 12, 1896.