## PATTON v. CUMBIE et al.
## No. 3032.

Court of Civil Appeals of Texas. El Paso.
July 19, 1934.

Clark, Harrell & Clark, of Greenville (on appeal only), and Rodes & Garrett, of Emory, for appellant.

Wynne & Wynne, of Wills Point, for appellees.

WALTHALL, Justice.

Appellee Mrs. J. E. Cumbie, a feme sole, brought this suit against L. H. Patton and others to recover the title and possession of the real estate described, to remove cloud from title, her title quieted, and for damages, rents, and costs of suit.

The land involved in the suit is described in appellees' third amended original petition upon which the trial was had as follows:

"All that certain lot, tract or parcel of land, lying and being situated in Van Zandt County, Texas, and comprising 43.8 acres, more or less, of the John Walling League and described as follows:

"Beginning at the N.E. corner of a 48 acre tract sold by E. J. Jarvis to J. G. Tunnell, a P. O. brs. N 52 W 7½ vrs a R.O. brs S 57 W 9 vrs; Thence S 715 vrs to J. G. Tunnell S.E. corner a R.O. 6 in. in dia. brs N 80½ E 7 vrs; a R.O. 8 in. in dia. brs N 71 W 4 vrs; Thence E 345.4 vrs to corner of Block No. 3, a P.O. 24 in. in dia. brs N 41 E 11.9 vrs; a B.J. 8 in. in dia. brs N½ W 12.2 vrs; Thence N 716 vrs to corner a B. J. 4 in. in dia. brs S 6 W 1 vrs. a B.J. 8 in. in dia. brs S 63 W 19/20 vrs; Thence W 345.4 vrs to the place of beginning,

less, however the 20 acres of this tract now owned by W. H. White and deeded to said White by the plaintiff herein, Mrs. J. E. Cumbie, deed dated August 6th, 1917, recorded in Vol. 127, page 538, Deed Records of Van Zandt County, Texas."

Appellee also pleaded in the alternative; but the judgment for appellee not having been rendered on the matters pleaded in the alternative, we need not state the matters there pleaded.

Other parties than L. H. Patton made defendants in the suit, though cited, did not answer but made default, and judgment was entered in favor of appellee and against them.

As to the matters involved there, L. H. Patton answered by general denial, and plea of not guilty. The trial court heard the evidence and at its close instructed a verdict in favor of appellee, and upon said verdict the court entered judgment in favor of appellee, overruled appellant's motion for a new trial, from which appellant duly prosecutes this appeal.

### Opinion.

Appellant's brief contains two assignments of error:

"1. The court erred in instructing the jury to return a verdict for plaintiff because, under the law and the uncontradicted evidence, the plaintiff was not entitled to recover against the defendant L. H. Patton.

"2. The court erred in rendering judgment against this defendant, L. H. Patton, in favor of the plaintiff, because the verdict of the jury and said judgment is not supported by the law and the evidence."

Under the above assignments appellant submits three propositions to the effect that under the deeds and power of attorney evidencing title in appellee and in appellant, to the land in controversy, and shown in evidence, the verdict and judgment should have been in favor of appellant.

The evidence is substantially as follows:

1. It was agreed by the parties that the common source of title was in W. H. Cook by deed duly recorded in the deed records of Van Zandt county conveying the land in controversy out of the John Walling survey in that county.

2. Appellee then offered a duly recorded warranty deed from W. H. Cook and wife, the common source, to appellee, of date November 17, 1911. The land described in the deed from Cook to appellee conveys the land in controversy.

With the introduction of the Cook deed appellee closed her evidence. Appellant introduced in evidence the following recorded instruments:

1. A power of attorney of date the ——— day of August, 1930, signed by a number of parties, among them Johnnie Cumbie, and acknowledged on the 18th day of August, 1930. The instrument recites that the parties executing the instrument reposing confidence in J. W. Fowler have this day constituted and appointed him as their agent and attorney in fact to represent them and each of them "in recovering any and all lands which we own in which we have an interest in the John Walling League in Van Zandt County, Texas. We impower and authorize our said agent to compromise and adjust any and all claims which we may have in and to said lands for such consideration as in his judgment may be wise and we expressly authorize and impower him to make and execute in our names any and all deeds and contracts which may be necessary in the actions involving the settlement and recovery of our said interest in said land." "We further authorize and impower and prosecute such suit or suits to recover our interest in said land or any part thereof, which suit, if necessary, may be instituted and prosecuted in our names or in the name of our said agent." "For and in consideration of the services of our said agent rendered and to be rendered in our behalf, we bargain, sell, and convey, and do by these presents bargain, sell, transfer and convey, to the said J. W. Fowler, an undivided one-half (½) interest in and to all of the lands which we may have, own or in which we may have an interest in said John Walling League. To have and to hold unto the said J. W. Fowler, his heirs and assigns forever."

2. Appellant introduced in evidence a recorded royalty deed from J. W. Fowler to B. R. Fowler, dated February 28, 1931, conveying one-eighth of all the oil, gas, and other minerals in and to the lands described in appellee's petition; that deed is made subject to an oil and gas lease held by the Pure Oil Company.

3. Appellant introduced in evidence a recorded royalty deed from B. R. Fowler to appellant, L. H. Patton, of date March 30, 1931. By that deed B. R. Fowler conveyed to appellant two-thirds of a one-eighth royalty interest in and to all of the oil, gas, and other minerals in and under and that may be produced from the land and premises described in appellees' petition.

4. Appellant introduced in evidence a recorded conveyance from J. W. Fowler to appellant, L. H. Patton, thereby assigning to appellant all of the unpaid royalties due by the Pure Oil Compnay on the land in controversy up to and including March 30, 1931.

5. Appellant testified in his own behalf that he purchased from B. R. Fowler two-thirds of one-eighth royalty in the land in controversy and paid therefor the sum of $1,200 in cash, without any knowledge of any fact or circumstance affecting the title to said property other than is shown by the records of Van Zandt county and as shown by the records contained in the statement of facts; that he in person made no examination of the records, but that his attorney did and advised him that B. R. Fowler had good title to said royalty interest.

Appellant then closed his evidence.

Appellees introduced a lis pendens notice of this suit and her original petition filed April 24, 1931.

The appellant in his brief stresses the fact that in the power of attorney there are no words in the conveyance portion of the instrument limiting the interest conveyed to lands that might be recovered by the agent attorney, but on the contrary it conveys the undivided interest "in and to all the lands which we have, own or in which we may have an interest in the John Walling League," in that county, and that at that time appellee owned the land in controversy out of the John Walling league of land.

On the matter of the construction to be given the power of attorney appellant refers to the following cases: Hammett v. Farrar (Tex. Com. App.) 29 S.W.(2d) 949; Tayler v. Taul, 88 Tex. 665, 32 S. W. 866; Garner v. Boyle, 97 Tex. 460, 79 S. W. 1066; Brigham v. Thompson, 12 Tex. Civ. App. 562, 34 S. W. 358; 14 Texas Jurisprudence, p. 1015; Stanbery v. Wallace (Tex. Com. App.) 45 S.W.(2d) 198; Earnhardt Development Co. et al. v. Ray et al. (Tex. Civ. App.) 51 S.W.(2d) 732; Rogers v. Rogers (Tex. Com. App.) 15 S.W.(2d) 1037; Richardson v. Levi, 67 Tex. 359, 3 S. W. 444.

Some of the cases do not involve the construction of a power of attorney. The contention is, as we understand it, that the power of attorney, in the instant case, in its conveyance clause presently transferred a title to an undivided one-half interest in the land described in appellee's petition, by reason of the facts that appellee may have, owns, or has an interest in said land, and that said land was a part of the John Walling league in Van Zandt county, Tex. No further identification or description is given of the land conveyed than

that it is the land which appellee may have, own, or in which appellee may have an interest in said John Walling league. In some of the opinions the writer undertakes to distinguish that particular case from other opinions where it is held that title is not presently transferred, by reason of the facts peculiar to that case. We have found no case which states a general rule by which it may be said that a present title is conveyed by a power of attorney which undertakes, in an executory contract, to convey title in the matters about which the power is given. It may be that no general rule can be stated.

In this case it is clear that, while appellees' land involved in this suit was a part of the John Walling league in Van Zandt county, the acreage appellee owned had been, many years prior to the power of attorney, regularly transferred by chain of title, duly recorded, to appellee, and of which there is no controversy. It is difficult to imagine that under such circumstances appellees' land could have been within the contemplation of the parties in the conveyance clause of the power of attorney. Appellant had notice that appellee had title to the land in controversy and that as to such land, although a part of the John Walling league, nothing could be done of any benefit to appellee by way of suit or recovery, or other matters stated in the power of attorney.

We think that the proper construction of the power of attorney in appointing J. W. Fowler as an agent necessarily applies as to some interest which the parties executing the instrument thought they may have had and owned jointly and not in severalty, in the John Walling league. It is not made to appear that appellee owned or had no interest in the John Walling league other than the land in controversy. The instrument reads: "We have constituted and appointed," "our agent" "to represent us and each of us in recovering any and all lands which we may have, own, or in which we have an interest in said John Walling League"; the agent was empowered to compromise and adjust any and all claims which "we may have" and to "execute in our names" deeds and contracts; the suit or suits to recover "our interest" was to be in "our names"; the conveyance to the agent was an undivided interest which "we may have, own or in which we may have an interest."

The evidence as to title offered by appellant applied to the mineral interest only, in the land in controversy. The record does not show that J. W. Fowler ever did anything under the power given and conveyed to his brother shortly after receiving the conveyance.

We have concluded, under the facts of the case, that the conveyance contained in the power of attorney did not embrace the land in controversy, and for that reason the court was not in error in instructing the verdict and entering judgment for appellee.

The case is affirmed.