Arthur F. PATTERSON et ux.

v.

Clyde Wise TWADDELL.

No. 6658.

Court of Civil Appeals of Texas. Amarillo.

April 1, 1957.

Rehearing Denied May 6, 1957.

---

Grady L. Fox, Amarillo, for appellants.

Arthur Glover, Amarillo, for appellee.

CHAPMAN, Justice.

Martha Leona Patterson, joined by her husband, Arthur F. Patterson, filed suit in the court below on February 3, 1956, against Clyde Wise Twaddell seeking to recover one-fourth interest in the property described in the inventory and appraisement of the estate of her deceased father, M. N. Twaddell, filed in the County Court of Potter County, Texas, on July 12, 1955. M. N. Twaddell died in Potter County, Texas, on January 17, 1955.

Arthur F. Patterson being only a party pro forma to this suit by virture of being the husband of Martha Leona Patterson, the said Martha Leona Patterson will be hereinafter referred to as appellant.

Appellant's mother was Hattie R. Twaddell, who died intestate on January 11, 1927, survived by her husband, M. N. Twaddell; one son, Marvin W. Twaddell; and appellant, Martha Leona Twaddell, then eleven years of age.

In February 1927, M. N. Twaddell qualified as community survivor of the community estate of himself and Hattie R. Twaddell.

The Community estate of M. N. Twaddell and Hattie R. Twaddell was inventoried at a net aggregate value of $15,128.-85, an undivided one-fourth of which vested in appellant as one of two children of Hattie R. Twaddell, deceased.

In 1929, M. N. Twaddell married his deceased wife's youngest sister, Clyde Wise.

On November 10, 1938, by general warranty deed, M. N. Twaddell, individually and as survivor of the communtity estate of Hattie R. Twaddell, conveyed to his daughter, the appellant herein, "all that certain property *of record in my name* in Potter County, Texas," except the described homestead of the family. In said deed the homestead was the only property described by metes and bounds or by lot and block number. The consideration was shown as $1, cash in hand paid by Martha Leona Twaddell and "for and in consideration of her part of the estate of her mother, Hattie R. Twaddell, deceased." This deed was filed for record on July 12, 1938. At the time of this conveyance to appellant, she was 22 years of age.

On the sixth day of May, 1943, appellant, joined by her husband, Arthur F. Patterson, for consideration of $1 paid by M. N. Twaddell, conveyed by quitclaim deed to her father, M. N. Twaddell, all the remaining interest in the property in Potter County, Texas, which was acquired by Martha Leona Twaddell from her father, M. N. Twaddell, individually and as survivor of the community estate of Hattie R. Twaddell by warranty deed of November 10, 1938, and in said quitclaim deed made reference to said warranty deed of 1938 by volume and page of the deed records of Potter County, Texas.

This case was tried before a jury. The only witness who testified was appellant herself. After she had testified she rested her case. Appellee, Clyde Wise Twaddell, made a motion for an instructed verdict, stating as grounds therefor that appellant,

plaintiff below, failed to prove she had any interest in the property in controversy at the time of the death of M. N. Twaddell for the reason she had conveyed all her interest in the property back to her father, M. N. Twaddell, by the quitclaim deed of 1943 above described.

The judge of the court below granted appellee's motion and instructed the jury to find for the defendant and against the plaintiffs and that plaintiffs take nothing by their suit. To the judgment rendered upon said verdict, appellant has perfected her appeal to this court.

■ By brief, appellant contends that the deed of 1938 from her father, M. N. Twaddell, did not have the effect of conveying appellant's part of her mother's estate to her. She argues the granting clause was not broad enough to make such conveyance and that the deed only purported to convey that property which M. N. Twaddell *owned* of record in his name. She reasons that since the one-fourth part she inherited from her mother, Hattie R. Twaddell, vested in appellant immediately upon the death of her mother, then her part of her mother's estate could not have been conveyed to her by the deed of 1938 from her father. She correctly reasons that if the deed of 1938 did not convey her part of her mother's estate then the deed of 1943 could not have divested her of her inheritance from her mother.

For the purpose of this case the pertinent parts of the deed of 1938 are as follows:

"That I, M. N. Twaddell, individually and as survivor of the community estate of Hattie R. Twaddell, deceased, of the County of Potter *County*, state of Texas, for and in consideration of her part of the estate of her mother, Hattie R. Twaddell, deceased, The party receiving settlement is my Daughter, Martha Leona Twaddell. Consideration as stated above. *Dollars* to *$1.00* cash in hand paid by Martha Leona Twaddell, receipt of which is hereby acknowledged, have Granted, Sold and Conveyed and by these presents do Grant, Sell and Convey unto the said Martha Leona Twaddell, of the County of Potter, State of Texas, all that certain property of record in my name in Potter County, Texas, save and except the North 54 feet of Lot 3 Block 3/240 in the plemons addition to the town of Amarillo, Potter County, Texas, this being our Home-stead, this is intended and does convey all Real & Personal property of record in my name in Potter County, Texas excepting our homestead as stated above."

The next paragraph is the Habendum Clause, then follows:

"Witness our hand at Amarillo, Texas this 10th day of November, A. D. 1938.

"M. N. Twaddell
for myself individually and
as survivor of the community
estate of Hattie R. Twaddell,
deceased."

Likewise, the pertinent part of the deed of 1943 is as follows:

"That I, Martha Leona Twaddell Patterson, joined herein by my husband, Arthur Patterson of the County of Potter, and State of Texas, for and in consideration of the sum of One & No/100 ($1.00) Dollars, to us in hand paid by M. N. Twaddell, of the County of Potter, and State of Texas, the receipt of which is hereby acknowledged, do, by these presents, Bargain, Sell, Release, and Forever Quit Claim unto the said M. N. Twaddell, his heirs, and assigns, all our right, title and interest in and to that certain tract of parcel of land lying in the County of Potter, and State of Texas, described as follows to-wit:

"All our remaining interest in and to all property in Potter County Texas, both real and personal, which was

acquired by Martha Leona Twaddell, who is one and the same person as Martha Leona Twaddell Patterson, one of the grantors herein, from her father, M. N. Twaddell, individually and as survivor of the community estate of Hattie R. Twaddell, Deceased, as shown by that certain warranty deed dated November 10, 1938, and recorded in the Deed Records of Potter County, Texas, in Volume 285, at page 450, to which reference is here made."

A reading of the 1938 deed shows no place in which M. N. Twaddell uses the word "owned." On the contrary, the granting clause says, " * * * All that certain property of record in my name in Potter County, Texas, save and except the North 54 feet of Lot 3, Block 3/240 in the plemons addition to the town of Amarillo, Potter County Texas."

Though the 1938 deed nowhere uses the term "owned" or "owner" if it could be read into the instrument it could not, under the facts of this case, be given a definite, rigid, legal meaning in the sense that it could be said that M. N. Twaddell, by said deed, conveyed only property owned by him in fee.

As stated in 73 C.J.S. Property § 13, at page 181:

" * * * the term 'owner' is a general term having a wide variety of meanings depending on the context and the circumstances in which it is used. Broadly, an 'owner' is one who has dominion over property which is the subject of ownership."

It is very apparent that the 1938 deed was written by a layman, but even so it is clear that the grantor intended to convey all property of record in his name in Potter County, Texas, on the 10th day of November, 1938, with the exception of the homestead, and he clearly intended to convey that part still on record belonging to the community estate of himself and Hattie R. Twaddell, deceased.

Certainly the community survivor, after qualifying and making bond as in this case, had the legal right to convey the community property to his daughter.

Article 3663, R.C.S. provides "Where the wife dies * * * leaving a surviving husband and child * * * the husband shall have exclusive management, control and disposition of the community property in the same manner as during her lifetime."

■  The courts of this state have held that a deed of community property from a community survivor to a child is effective to vest title to said property in said child. Lynch v. Lynch, Tex.Civ.App., 130 S.W. 461; Suggs v. Singley, Tex.Civ.App., 167 S.W. 241.

The deed of 1938 in the very first sentence announces that the grantor is conveying "individually and as survivor of the community estate" and ends "M. N. Twaddell for myself individually and as survivor of the community estate of Hattie R. Twaddell, deceased." This language, together with that in which he says, "all that property of record in my name in Potter County, Texas," would have the effect of conveying his half of the community as well as the half left by appellant's deceased mother of record in the name of M. N. Twaddell in Potter County, Texas.

■  A surviving spouse owns half of the community property and, by qualifying as community survivor, acquires the right to manage, control and dispose of both such half and the other half thereof. Fidelity Union Ins. Co. v. Hutchins, 134 Tex. 368, 133 S.W.2d 105.

We assume appellant's argument made in her brief to the effect that the granting clause was not broad enough to convey the property had reference to the lack of description.

■ It has long been held in this state that a deed purporting to convey all lands owned by the grantor in the state or in a named county is sufficient description to effect a conveyance. Texas Consolidated Oils v. Bartels, Tex.Civ.App., 270 S.W.2d 708, and cases therein cited. Also Brigham v. Thompson, 12 Tex.Civ.App. 562, 34 S.W. 358.

The next question to be considered in this case is whether the deed of 1938 could be said to have been, as a matter of law, in satisfaction of appellant's interest in the community estate of M. N. Twaddell and Hattie R. Twaddell. The deed recited it was in consideration of her part of the estate of her mother and that the party receiving settlement was his daughter, Martha Leona Twaddell.

In the case of Sparks v. Spence, 40 Tex. 693, 694, it was held that property conveyed by the father to the children of himself and of a deceased wife is, if a part of the community estate, presumed to have been conveyed in discharge of the interest of the children in such community estate to the extent of the value of the property so conveyed.

In the case of Nowlin v. Clary, Tex.Civ. App., 178 S.W. 571, deeds were made by the father to the children of his first marriage that did not even recite they were in satisfaction of their part of the community estate of himself and their deceased mother but recited love and affection and nominal sums of money. Under these facts the court held in effect that where a husband divided among his children by his first wife portions of the community estate of himself and such wife the deeds were to be presumed to have been advancements to the children of their interest in such community estate.

Appellant testified she never did receive anything from her mother's estate in the way of settlement and that she never at any time exercised any control over any part of the property left by her mother.

This court has held that an assertion of a right under a deed by the grantee, such as filing suit thereon, shows acceptance. Vaughan v. West, Tex.Civ.App., 100 S.W. 2d 166.

We believe the same principle would apply where the grantee, subsequent to the time the deed to her was filed of record, deeded, back to her father all the remaining interest in and to all the property in Potter County, Texas, which was acquired by her in the 1938 deed. Such act had the effect of ratifying and confirming the deed to her of 1938 reciting settlement of her part of her mother's estate.

Additionally, we find in the statement of facts more than 75 lots inventoried as part of the community estate of M. N. Twaddell and his surviving wife, Clyde Wise Twaddell that were also inventoried twenty-eight years earlier as part of the estate of M. N. Twaddell and appellant's mother, Hattie R. Twaddell. With that many lots in Potter County, Texas, still in the possession of M. N. Twaddell twenty-eight years from the time of the first inventory it could hardly be presumed that he gave the 1938 deed to appellant without at least a substantial number of those lots of record in his name at the time of the deed to appellant in 1938.

There is not any question in the record before us but that the 1943 deed was completely valid in every respect to convey all remaining interest appellant had in the property acquired by the 1938 deed. Since it referred back to the 1938 deed, which recited it was in consideration of appellant's part of the estate of her mother and that she was receiving settlement it had the effect of ratifying the 1938 deed recited to have been in settlement.

Since the deed of 1943 conveyed all her remaining interest in the property acquired by the 1938 deed appellant failed to discharge the burden she was under of proving by a preponderance of the evidence her alleged interest in the estate left by

M. N. Twaddell, by will, to his last surviving wife, Clyde Wise Twaddell.

Accordingly, the judgment of the court below is affirmed.