Samuel O. MAGRAM, Appellant,

v.

Royce C. LEWIS, Jr. and Royce C. Lewis, III, Appellees.

No. 9266.

Court of Civil Appeals of Texas, Amarillo.

June 15, 1981.

Rehearing Denied July 15, 1981.

Thomas J. Griffith, Ralph H. Brock, Lubbock, for appellant.

Bass & Hobbs, David Bass, Lubbock, for appellees.

DODSON, Justice.

Mr. Samuel O. Magram (the "Buyer") appeals from the judgment of the trial court specifically enforcing a contract for the sale of certain real property, "together with all ... furniture and fixtures located therein," executed by and between the Buyer and Royce C. Lewis, Jr. and Royce C. Lewis, III (the "Sellers"). Concluding that the trial court abused its discretion in granting specific performance because the Sellers failed to perform a material obligation under the contract, we reverse the judgment of the trial court and render judgment for the Buyer.

On 23 March 1979, the Sellers and the Buyer executed an earnest money contract whereby the Sellers agreed to sell, and the Buyer agreed to purchase, the following property:

All of Lots 1 and 2, Horde Buchanan Sub-division to the City of Lubbock, Lubbock County, Texas, bearing municipal street address of 2202 Memphis, Lubbock, Texas, and otherwise known as Southern Manor Apartments, *together with* all improvements thereon and *all furniture and fixtures located therein*, subject to all easements, restrictions, and zoning ordinances of record (emphasis added).

In consideration for the conveyance, the Buyer agreed to pay the Sellers a total amount of $315,000 to be paid as follows: (1) $5,000 cash as earnest money; (2) $25,000 in cash; (3) a promissory note to the Sellers in the amount of $76,294.17, payable in 20 quarterly installments, bearing interest of 10% per annum, and secured by a mortgage; and (4) the express assumption of the original note executed by the Sellers, payable to State Savings & Loan of Lubbock, Texas, with an unpaid principal balance of $208,705.83, and "secured by a Deed of Trust of record in the Deed of Trust Records of Lubbock County, Texas."

The Sellers agreed to provide the Buyer with "a General Warranty Deed ... conveying good and marketable title *subject ... to any liens to be created or assumed* under the contract." Nevertheless, the contract provides: "Seller warrants that there are no liens on the items of personal property in the premises." This provision was typographically inserted into the form contract, evidencing a clear, unambiguous and material agreement of the parties. The closing date for the conveyance was set forth in the contract as 1 May 1979. The place of closing was not specified in the contract. Time was of the essence.

The record shows that on the specified closing date, the Sellers tendered performance of their duties according to what they believed the terms of the contract were;

however, the undisputed evidence shows that the Sellers were unable to tender the furniture and fixtures located in the premises (and owned by them) free and clear of any liens as per their express warranty in the contract. Specifically, all presently owned or after-acquired furniture, fixtures, appliances and goods located in the premises are included in the recorded deed of trust, as collateral, securing the original note made by the Sellers to State Savings & Loan. The Buyer failed to attend the closing, accept tender of the Sellers' performance, or tender performance of his duties under the agreement.

On 5 June 1979, the Sellers filed this action seeking retention of the $5,000 in escrow as liquidated damages or, alternatively, specific enforcement of the contract, and reasonable attorney's fees. In his amended answer, the Buyer denied the Sellers' right to specific performance, cross-claimed for the return of the $5,000, and sought reasonable attorney's fees. After a hearing on the merits without the intervention of a jury, the trial court entered its judgment granting the specific performance. In its judgment, the trial court ordered the Buyer: (1) to pay the remaining cash due under the contract ($25,000); (2) to assume the unpaid balance of the original note between the Sellers and State Savings & Loan; and (3) to pay the reasonable attorney's fees of $1,250 incurred by the Sellers in the prosecution of their lawsuit.[1] Upon the payment of the cash balance and the assumption of the original note, the Sellers were required, by the terms of the judgment, to execute and deliver a general warranty deed to the Buyer pursuant to the requirements of the contract. The Buyer appeals from this judgment.

In his first point of error, the Buyer contends that the trial court erred in granting specific performance of the contract because the Sellers failed to perform all the obligations under the contract. In particular, the Buyer contends that the Sellers breached their warranty that there are no liens on the personal property located in the premises. No findings of fact or conclusions of law were filed by the trial court. We therefore must view the trial court's judgment as impliedly finding all facts necessary to support its judgment, *Buchanan v. Byrd*, 519 S.W.2d 841, 842 (Tex.1975); and, we are required to affirm the judgment on any reasonable theory authorized by law and supported by the evidence. *Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex.1977). The Buyer admits to this burden on appeal, but contends that the trial court committed reversible error by incorrectly applying the equitable rules related to the granting of specific performance to the undisputed facts. We agree.

■■■ Specific performance is purely an equitable remedy and is governed exclusively by principles of equity. *Paxton v. Spencer*, 503 S.W.2d 637, 642 (Tex.Civ.App.—Corpus Christi 1973, no writ). Specific performance of a contract for the sale of land is ordinarily granted where the action is based upon a valid contract, but the relief is not a matter of right. *Kress v. Soules*, 152 Tex. 595, 261 S.W.2d 703, 704 (1953). The granting of specific performance rests within the sound discretion of the trial court, *Hendershot v. Amarillo Nat'l Bank*, 476 S.W.2d 919, 920 (Tex.Civ.App.—Amarillo 1972, no writ), and its decision will not be reversed without a showing that it clearly abused its discretion; however, the trial court may not erroneously apply the law to the undisputed facts. *Cf. Spring Valley v. Southwestern Bell Tel. Co.*, 484 S.W.2d 579, 581 (Tex. 1972).

■■■ Specific performance will not be decreed "unless the contract can be completely enforced so as to secure substantially all that the parties contemplated at the time the contract was made." *Anderson v. Anderson*, 563 S.W.2d 345, 346–47 (Tex.Civ. App.—Dallas 1978, no writ). Thus, it is incumbent upon the one who seeks complete, specific performance of a contract to show that he has diligently and timely performed, or tendered performance of, all ob-

---

1. We note, however, that the trial court's judgment failed to require the Buyer to execute a promissory note to the Sellers in the amount of $76,294.17, as required by the contract.

ligations under the contract. *Johnson v. Karam*, 466 S.W.2d 806, 810 (Tex.Civ.App.— El Paso 1971, writ ref'd n. r. e.); *Hamon v. Allen*, 457 S.W.2d 384, 390 (Tex.Civ.App.— Corpus Christi 1970, no writ); *Walker v. Central Freight Lines, Inc.*, 382 S.W.2d 125, 130 (Tex.Civ.App.—San Antonio 1964, writ ref'd n. r. e.); *see also Hendershot v. Amarillo Nat'l Bank*, 476 S.W.2d at 920. One who materially breaches a contract is not entitled to specific performance. *See Cowman v. Allen Monuments, Inc.*, 500 S.W.2d 223, 226 (Tex.Civ.App.—Texarkana 1973, no writ).

■ In this instance, the Buyer contends that the Sellers are unable to perform a material obligation of the contract, *i. e.*, to warrant that there are no liens on the items of personal property. The undisputed evidence shows that the contract in question provides for the sale and transfer of real property and "all furniture and fixtures located therein," which are owned by the Sellers; that the Sellers expressly warranted that there are no liens on the items of personal property located in the premises; that there are items of furniture and fixtures located in the premises belonging to the Sellers and subject to conveyance under the contract; that such items of furniture and fixtures are included as collateral in the deed of trust securing the original note to be assumed by the Buyer; and that the Sellers can not remove the mortgage on the personal property. These undisputed facts clearly demonstrate that, inasmuch as furniture and fixtures constitute "personal property," *see, e. g., Hardin v. Central American Life Ins. Co.*, 374 S.W.2d 881, 883 (Tex.1964), the Sellers are unable to comply with, and are in breach of, their contractual agreement warranting against any liens on the items of personal property. Furthermore, since this is a conveyance of both real and personal property, we construe the express warranty to be a material and substantial part of the bargain.

The Sellers maintain that the deed of trust which imposes a lien on the furniture and fixtures was expressly assumed by the Buyer in the contract and that he thereby availed himself of the duties and privileges thereunder. In essence, the Sellers appear to contend that the Buyer had full notice of the provisions of the deed of trust to be assumed, and that the Sellers therefore have no duty to uphold their warranty against liens on personal property to the extent that such a lien is imposed by the provisions of the deed of trust. We disagree.

The clear and unambiguous language of the contract warrants that there are "no liens on the items of personal property in the premises." There is no language in the contract which makes that warranty subject to the deed-of-trust lien. Thus, the Sellers had a contractual duty to convey and deliver the personal property located in the premises free and clear of all liens on 1 May 1979, a duty they could not fulfill. Nor can we agree that the Buyer's notice, actual or constructive, of the deed-of-trust lien effectively abrogates the Sellers' duty to fulfill their warranty obligation. To the contrary, the record shows that the Buyer's attorney notified the Sellers, in writing, of the breach of their warranty (albeit six days after the closing date) and refused to close, even though the contract imposes no duty to notify the Sellers of the breach. Written warranties must be construed as written, *Cooper Machinery Corp. v. C. I. T. Corp.*, 577 S.W.2d 356, 361 (Tex.Civ.App.— Ft. Worth 1979, no writ), and, as written, the warranty was breached by the Sellers. The trial court therefore erred in granting the Sellers' request for specific performance. *Anderson v. Anderson*, 563 S.W.2d at 346–47; *Johnson v. Karam*, 466 S.W.2d at 810; *Hamon v. Allen*, 457 S.W.2d at 390; *Walker v. Central Freight Lines, Inc.*, 382 S.W.2d at 130; *see Cowman v. Allen Monuments, Inc.*, 500 S.W.2d at 226.

■ In his second point of error, the Buyer contends that the trial court erred in failing to render judgment on his cross-claim for the return of the $5,000 being held in escrow. In their reply point, the Sellers judicially admit that if, by our decision, the Sellers are not entitled to specific performance, then they will be "compelled" to re-

turn the $5,000 in question. Accordingly, we sustain the Buyer's second point.

The judgment of the trial court is reversed and judgment is hereby rendered that Royce C. Lewis, Jr., and Royce C. Lewis, III take nothing by their action for specific performance of that certain earnest money contract executed by Samuel O. Magram on 23 March 1979, and that they take nothing for their alternative action for $5,000 in liquidated damages. We further render judgment in favor of Samuel O. Magram on his cross-claim to recover the $5,000 paid by him and held in escrow pursuant to the terms of the contract in question.