MAINLAND SAVINGS ASSOCIATION,
Appellant,

v.

HOFFBRAU STEAKHOUSE, INC., d/b/a
Lonestar Steaks, Appellee.

No. B14–82–339CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 18, 1983.

Darryl Fanelli, Houston, for appellant.

Dennis R. Bettison, Barker & Lain, Galveston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

JUNELL, Justice.

This appeal is from a judgment of the trial court granting specific performance of a contract for conveyance of property situated in Galveston County.

In settlement of a previous lawsuit (the details of which are unimportant to this appeal) Andrew Johnson, Jr. agreed to convey to appellant Mainland Savings Association (Mainland) a 5.3 acre tract of land in Texas City, Texas. The compromise and settlement agreement provided that an earnest money contract affecting 39,000 square feet of the tract was then in full force and effect. Johnson agreed to surrender to Mainland all earnest money received under said agreements and to assign to Mainland any contracts pertaining to the sale, transfer or division of the tract in question. At the settlement meeting, Mainland received a photostatic copy of part of the earnest money contract. It acknowledges that Scott Cragin (of appellee Hoffbrau Steakhouse, Inc.) had tendered earnest money

> to bind [the sale of] property at see attachment tract 3–A of 150′ frontage on palmer (sic) and 130′ deep. (Subject to site approval by city of Texas City)

The sales price provided was $2.00 per square foot, with the final square footage to be determined by August 1, 1981. Mainland did not receive a copy of the "attachment" to the earnest money contract at the settlement meeting. After several demands, in December, 1981, Mainland received another copy of the first page of the earnest money contract in question and what appears to be a map, marked "exhibit A." This map contains several surveyor's

calls, but the only identifiable landmark is a notation of "Amburn Road"; the "map" contains no references to any other documents. In January, 1982, representatives of Hoffbrau and Johnson caused to be recorded in the Galveston County real property records a copy of the earnest money contract and a copy of the "map." There was also an "acknowledgment" attached to these documents, stating that "the copy of the attached earnest money contract and 'exhibit A' (the map) ... is a valid and unaltered reproduction of the original." Shortly thereafter, Mainland sued Hoffbrau to remove the cloud on Mainland's title to the tract, for damages for a lost sale because of the cloud, and for rescission of the earnest money contract and the underlying transaction. Hoffbrau filed a counterclaim seeking, inter alia, specific performance of the earnest money contract and damages. The court, sitting without a jury, granted specific performance as to a portion of the tract in question, ordering Mainland to convey to Hoffbrau:

> The west thirty-five feet (W 35′) (being the width) by the south one hundred thirty feet (S 130′) (being the depth) of lot 3 in block one (1) of Villa Oaks East, a subdivision in Texas City, Galveston County, Texas according to the map of said Villa Oaks East recorded in Book 15, page 185 of the Map Records of Galveston County, Texas.

The order was subject to Hoffbrau's tender of the balance of the purchase price. The court held for naught the "acknowledgement" which had been recorded in the real property records, and denied all other relief sought. Mainland has perfected appeal from that judgment.

Dispositive of the appeal is the validity of the earnest money contract. For the reasons set forth below, we find it invalid as a matter of law, and accordingly reverse the judgment of the trial court.

■ Mainland, as assignee/delegatee under the earnest money contract, stands in Johnson's place with respect to any benefits or obligations under the original agreement. One who acquires legal title under a deed

executed by the vendor after the vendor has executed a contract for the sale of land to another, may be compelled at the suit of vendee under the executory contract, to perform the contract by conveying the legal title, *if the conditions are such that the relief sought could have been granted against the vendor if he had not transferred the legal title. Langley v. Norris,* 141 Tex. 405, 173 S.W.2d 454 (1943) (emphasis added). Hoffbrau was entitled to enforce its contract of purchase against Mainland, unless the contract was otherwise invalid or unenforceable. We consequently focus on the validity of the earnest money contract.

Since contracts for the sale of land fall within the statute of frauds, they must be in writing to be enforceable. To be enforceable by specific performance, the writing must furnish, within itself or by reference to some other existing writing, the means or data by which the land to be conveyed may be identified with reasonable certainty. *Morrow v. Shotwell,* 477 S.W.2d 538 (Tex.1972).

We find the description in the instant case to be so vague and uncertain as to be wholly insufficient under the statute of frauds. The contract does not indicate that Johnson is the owner of the property. Neither the lot and block numbers nor the amount of land is indicated. The property is not designated as lying in any particular named tract or as situated in any city, county or state. Appellee argues that the description refers to "tract 3–A". Also, that Palmer and Amburn Road are clearly marked, with the intersection for identifying the exact tract with the calls and lineal foot measurements on the map. We are not convinced. The contract description contains no mention of either Amburn Road or the intersection of Palmer and Amburn Road. Additionally, a map attached to a written contract becomes part of the agreement and can aid a defective written description if the map contains enough necessary descriptive information. *U.S. Enterprises, Inc. v. Dauley,* 535 S.W.2d 623 (Tex. 1976). Here, the map in question contains no indication of Palmer or its intersection with Amburn Road. Since these missing details are not reflected on the map, it is of no use in remedying the defective description in the contract.

The record is void of any evidence to support the trial court's judgment for specific performance as to a portion of the tract in question. Scott Cragin identified the map and testified that he and Johnson agreed that tract 3–A, as shown on the map, was the tract to be purchased. That parcel was a 150 foot frontage on Farm Road 1765. Knowledge and intent of the parties will not give validity to the contract. *Id.* Likewise, essential elements of the contract may not be supplied by parole evidence. *Id.* Thus, resort to Cragin's testimony, or to that of any other witness, was not proper for purposes of supplying the location or description of the land.

There being no proper description or other documentation which identifies the tract with reasonable certainty, we find the earnest money contract unenforceable by specific performance. Points of error one and three are sustained.

The judgment of the trial court is reversed and judgment here rendered that appellee Hoffbrau Steakhouse, Inc. take nothing.