**LIVING CHRIST CHURCH, INC., Appellant,**

v.

**Henry C. JONES, Appellee.**

**No. 05–86–00907–CV.**

Court of Appeals of Texas, Dallas.

July 13, 1987.

Rehearing Denied Aug. 24, 1987.

C. Thomas Wesner, Jr., Dallas, for appellant.

Durwood D. Crawford, Dallas, for appellee.

Before DEVANY, BAKER and McCRAW, JJ.

McCRAW, Justice.

Living Christ Church, Inc. (Church) appeals from a judgment for specific performance in favor of Henry C. Jones. Jones sought specific performance of a settlement agreement between the parties. The specific performance action was severed from the underlying suit giving rise to the settlement agreement. In its first point of error, the Church contends that the trial court erred in granting specific performance because the agreement was not complete and specific as is required to entitle a party to a decree of specific performance. We agree, and reverse and render judgment for the Church.

The Church sued Henry C. Jones concerning matters not apparent from the record. During depositions, the parties began negotiations for a settlement of this and other suits involving the parties. Jones contends that the parties agreed to settle the case, and that this agreement was memorialized in a letter signed by Jones' attorney and by the Church's attorney. The letter states, "This letter is to confirm the general outline of the settle-ment agreement reached this date between the Plaintiff and the Defendant." The letter then continues:

1. Within 90 days from this date a closing will be held to accomplish the following:

a. Jones will vacate and deliver unencumbered possession of the "Broadmoor Garage" to [the Church].

b. Jones will deed, by special warranty deed, the "Fernald Property" to [the Church]. . . .

\* \* \* \* \* \*

d. Jones will assign, transfer and convey all of his right, title and interest as both a General Partner and Limited Partner in LCB Investors, Ltd. ("LCB") to [the Church].

e. [The Church] shall pay to Jones the sum of $32,500.00 in cash.

The letter also provided for the parties to obtain releases from financial institutions holding promissory notes on property and partnership interests being conveyed, for the Church to indemnify Jones for any liabilities associated with a nonparty, LCB partnership, and for a promissory note payable to a nonparty to be executed by Jones.

The letter continues, listing documents to be prepared, executed and delivered at the closing: (1) dismissals with prejudice in three lawsuits; (2) a settlement agreement outlining all of the terms and conditions set forth in the letter; (3) mutual releases of all claims from the facts giving rise to the three lawsuits; (4) provisions for the taxing of costs and attorney's fees; and (5) written instruments to effect the resignation of Jones as a trustee of the Church and certain related entities.

The letter also provided for Michael Jones, a nonparty, to sell his interest in LCB Investors, Ltd. at a price agreed upon after Michael and LCB each selected an appraiser to appraise property owned by LCB. The letter concludes as follows:

I will prepare a settlement agreement and the mutual releases required under the terms and conditions set out above. After the settlement agreement and mu-

tual releases have been approved by our respective clients, you and I should make an appearance before Judge Whittington and incorporate these terms into the record pursuant to Rule 11, T.R.C.P. If the foregoing meets with your approval, please execute one copy of this letter in the space provided below.

As stated previously, the letter is signed by attorneys for Jones and for the Church.

The closing did not occur within 90 days as contemplated in the letter. Jones asked for an extension, which was granted, and December 7, 1984 was set as the new closing date. When the closing was not accomplished on that date the Church, in a letter to Jones' attorney, stated that the Church "take[s] the position that the settlement agreement is null and void and that they are not obligated by its terms and conditions."

In the suit between the Church as plaintiff and Jones as defendant, Jones amended his pleadings to allege the settlement agreement as an affirmative defense and pleaded a cause of action seeking specific enforcement of the agreement. The trial court severed the cause of action relating to the alleged settlement from the original suit. The severed action, with Henry Jones as plaintiff, then proceeded to trial. The jury found that the letter agreement was in fact a contract between the parties; that time was not of the essence in the contract; that Jones was ready, willing and able to perform the contract; and that the Church was ready, willing and able to perform. The trial court entered a judgment granting specific performance of the contract.

The Church's first point of error states, "The District Court erred in granting specific performance to Jones of the general outline in the outline [sic] dated August 30, 1984 since as a matter of law Jones failed to establish that the outline is valid, complete and possesses the essentials of a binding legal obligation." We agree that specific performance is not available.

Specific performance is an equitable remedy, and is not a matter of right. *Kress v. Soules*, 152 Tex. 595, 261 S.W.2d 703, 704 (1953). The granting of the remedy rests with the discretion of the court, and its decision will not be reversed without showing that the court clearly abused its discretion. *Magram v. Lewis*, 618 S.W.2d 420, 422 (Tex.Civ.App.—Amarillo 1981, no writ). The court's discretion is not, however, unfettered; its discretion is exercised under the established doctrines and settled principles of equity. *Parker Chiropractic Research Foundation v. Fairmont Dallas Hotel Co.*, 500 S.W.2d 196, 200 (Tex.Civ. App.—Dallas 1973, no writ); *see also Magram*, 618 S.W.2d at 422.

In *Nash v. Conatser*, 410 S.W.2d 512 (Tex.Civ.App.—Dallas 1966, no writ), this Court set forth the well-established legal guidelines relating to the equitable remedy of specific performance. The following rule mandates reversal in this appeal:

A court will not order specific performance of a contract for sale of land or interest therein unless the contract describes the land or interest, or within itself furnishes the means by which the property may be identified with reasonable certainty.

*Nash*, 410 S.W.2d at 519. *See also Wilson v. Fisher*, 144 Tex. 53, 188 S.W.2d 150, 154 (Tex.1945); *Mainland Savings Association v. Hoffbrau Steakhouse, Inc.*, 659 S.W.2d 101, 103 (Tex.App.—Houston [14th Dist.] 1983, no writ). This rule has been applied when a party sought specific performance of a settlement agreement calling for the transfer of land. *Martin v. Thalman*, 568 S.W.2d 460 (Tex.Civ.App.—Beaumont 1978, no writ) (for case on remand *see Martin v. Thalman*, 620 S.W.2d 151 (Tex. Civ.App.—San Antonio 1981), *aff'd in part, rev'd in part*, 635 S.W.2d 411 (Tex.1982)).

In this case, the alleged agreement called for Jones to vacate and deliver unencumbered possession of premises described only as "Broadmoor Garage." The agreement also required Jones to deed to the Church the "Fernald Property." The provisions addressing the "Fernald Property" also state that "[The Church] will deliver to Jones a release of any liability of any kind or type that Jones may have to First Citizens Bank of Garland relative to the Fernald Property under note number 6061552

dated March 15, 1980." In *Libby v. Noel,* 581 S.W.2d 761 (Tex.Civ.App.—El Paso 1979, writ ref'd n.r.e.), the appellate court held that the description "3600 Godfrey Court" was sufficient to render the contract specifically enforceable where the purchase agreement referred to the assumption of a loan, and the loan papers *were in evidence* showing the complete legal description of the land involved.

In this case, the note with a legal description, if any, was not admitted into evidence in order that the "Fernald Property" could be identified with certainty by reference to an already-existing document. *See Wilson,* 188 S.W.2d at 153. In an envelope marked "Documents and Items Tendered into Court in Trust by Henry C. Jones, Jr. in Performance of August 30, 1984 Agreement," there is a deed executed by Jones which purports to comply with the requirement that he convey the "Fernald Property" to the Church. It is not possible for the trial court or for this Court to determine whether Jones has deeded property as required by the contract absent a legal description of the "Fernald Property."

Although it has been held that a description of land by the particular name by which it is known in the locality is sufficient, *Wilson,* 188 S.W.2d at 153, there is no pleading or evidence that the properties in question have been notoriously known in the locality for a period of years as the "Broadmoor Garage" or the "Fernald Property." *See Sorsby v. Thom,* 122 S.W.2d 275, 277 (Tex.Civ.App.—Galveston 1938, writ dism'd). In fact, the contract makes no reference to the location of the "Broadmoor Garage" or the "Fernald Property." The pleadings and the evidence are silent as to the city, county, or state in which the property is located. *See Krueger v. W.K. Ewing Co.,* 139 S.W.2d 836, 838 (Tex.Civ.App.—El Paso 1940, no writ).

Further, the ownership of the property is left to conjecture, and where the identity of the property is doubtful, ownership becomes an important element. *Wilson,* 188 S.W.2d at 154. Although one witness testified that the Church owned the "Broadmoor Garage," there is no testimony identifying the owner of the "Fernald Property." We cannot presume Jones' ownership of that property merely because he contracted to convey it. *Wilson,* 188 S.W.2d at 154; *Starkey v. Texas Farm Mortgage Co.,* 45 S.W.2d 999, 1000 (Tex.Civ.App.—Waco 1932, writ ref'd).

Jones argues further, "It has long been held in this state that a deed purporting to convey all lands owned by the grantor in the state or in a named county is sufficient description to effect a conveyance." *Patterson v. Twaddell,* 301 S.W.2d 680, 684 (Tex.Civ.App.—Amarillo 1957, writ ref'd n.r.e.). Although a correct statement of the law, this rule is clearly inapplicable in the present case. There is no evidence in the record that Jones owned the "Fernald Property" or that the property constituted all lands owned by him in any named county or state.

In this case, as in *Wilson,*

[t]he description of the property is otherwise wholly deficient. No city, county or state is mentioned in connection with its location. No lot or block number is given nor is there any indication as to the amount of land.... In fact, every essential element of the description is left to inference or to be supplied by parole. Such a description is palpably insufficient to support a suit either for specific performance or for damages.

*Wilson,* 188 S.W.2d at 154. The property descriptions in this case are insufficient to support an action for specific performance. We hold, therefore, that the trial court has abused its discretion in granting judgment for specific performance.

Jones urges that if the contract is deficient in any respect, this Court should consider the contract divisible and enforce those portions specific enough to merit specific performance. Assuming, but not deciding, that the contract is divisible in a suit for damages, specific performance of a contract will not be decreed unless it can be completely enforced so as to secure substantially all that the parties contemplated at the time the contract was made. *Nash,* 410 S.W.2d at 520. The Church's first point of error is, consequently, sustained

and the judgment of the trial court reversed and judgment is rendered in favor of the Church.

BAKER, J., concurs.

BAKER, Justice, concurring.

Although I concur in the result reached by the majority in this case reversing and rendering judgment in favor of the appellant, I would reach that conclusion for entirely different reasons.

As indicated by the factual statement of the majority opinion, the agreement that appellee sought specific performance upon, arose out of negotiations to settle pending litigation between appellee and appellant. In fact, the general outline of the settlement agreement that was signed recognizes in its final paragraph that the final settlement agreement should be placed into the record before the trial court pursuant to the provisions of Rule 11, Texas Rules of Civil Procedure.

I believe that the facts in this case are such that the decision of the Texas Supreme Court in *Kennedy v. Hyde*, 682 S.W.2d 525 (Tex.1984) is applicable.

Appellant in its argument under point one asserts the application of Rule 11 to this agreement. Appellant points out that the outline, although signed by the attorneys, was not signed by the parties. Secondly, the settlement documents evidencing the final agreement between the parties, although prepared, were not signed by appellee. Appellant also points out that the agreement was not reduced to a signed document filed with the trial court, nor was it announced in detail in open court. Prior to the finalization of the documents in question, the appellant withdrew its consent and agreement to the settlement proposal. Appellee then filed a cross action asserting terms of the general outlined settlement agreement and suing for specific performance. In its first amended original answer in the severed action, appellant pleaded, in paragraph three, that appellee waived and was estopped from asserting any alleged settlement agreement between the parties in that the alleged settlement agreement was not in writing, signed and

filed with the papers in this cause or made in open court and entered of record. Although not referring specifically thereto, this language tracks the provisions of Rule 11, Tex.R.Civ.P.

During the course of the trial the record reflects that the appellant brought its Rule 11 pleading to the attention of the court; and, furthermore, prior to the time the case was submitted to the jury on special issues it appears that the appellant again brought the question of the application of Rule 11 to the attention of the court. The record reflects that the court stated that the issue of the application of Rule 11 was a question of law rather than of fact and ruled that Rule 11 was not applicable in the case. I am of the opinion that that ruling was erroneous and Rule 11 does apply.

In my view this case is almost on all fours with the facts in *Kennedy v. Hyde*, 682 S.W.2d 525 (Tex.1984). In that case the Supreme Court held that Rule 11 is a minimum requirement for enforcement of all agreements concerning pending suits, including, but not limited to, agreed judgments. The clear language of the rule indicates, and the Texas Supreme Court held, that compliance with Rule 11 is a general prerequisite for *any* judgment enforcing an agreement touching a pending suit. 682 S.W.2d at 529.

The appellee relies on *Stewart v. Mathes*, 528 S.W.2d 116 (Tex.Civ.App.—Beaumont 1978, no writ) that a settlement agreement is simply another form of contract and therefore is governed by the general rules of contract. The *Stewart* case was distinguished by the Texas Supreme Court in *Kennedy v. Hyde* at page 528. Appellee also relies on the case of *Browning v. Holloway*, 620 S.W.2d 611, (Tex.Civ.App.—Dallas), *writ refused n.r.e. per curiam* 626 S.W.2d 485 (Tex.1981). *Browning* is distinguishable because it is clear in the recitation of the fact that the settlement agreement was read into the court record, and therefore Rule 11 was not applicable.

In *Kennedy v. Hyde* the Supreme Court concluded that the fact that the settlement agreement was disputed and that consent

to the same had been withdrawn, rendered the agreement unenforceable at the moment its existence was denied in the pleadings and that Rule 11 prohibited further inquiry. *See Old Republic Insurance Company v. Franklin,* 727 S.W.2d 701 (Tex.App.—Fort Worth 1987, no writ); *Masi v. Scheel,* 724 S.W.2d 438 (Tex.App.—Dallas 1987, writ ref'd n.r.e.).

I would hold that the disposition of this case is controlled by Rule 11 and that the trial court should not have proceeded further. Accordingly, I would reverse and render in favor of the appellant herein, for the reasons stated.