Virgil C. TILLERY, Appellant,

v.

Ora TILLERY, Appellee.

No. 13191.

Court of Civil Appeals of Texas.

San Antonio.

June 19, 1957.

G. Woodson Morris, San Antonio, for appellant.

Archer & San Miguel, San Antonio, for appellee.

POPE, Justice.

Virgil C. Tillery has appealed from a decree which granted Ora Tillery a divorce on the grounds of cruelty. The husband asserts that the only fact which supports the decree was not within plaintiff's pleadings.

From the record it appears that the wife was denied a divorce in a former trial during 1955, and that since that time the parties have seen each other four times. Plaintiff alleged a divorce action grounded on cruelty and specified a single incident during September, 1955, when the husband physically attacked his wife at the place where she was residing with her brother and sister-in-law. The jury found that the husband was not guilty of those acts of cruelty.

■ During the trial, the wife testified briefly about a different incident which occurred during August, 1955, on a street in San Antonio. Defendant husband excepted to the original pleadings because they were vague and general, he objected to evidence about the unpleaded incident; he made a motion to strike and exclude the testimony, and a motion for instructed verdict; he also made an objection to the issue which inquired about that incident. The exceptions, objections and motions were denied. The jury found that the husband was guilty of those acts. Not until the verdict was returned did the plaintiff amend the pleadings to include the incident which occurred at a different time and place from that originally alleged. The issue was not tried by consent, and it is the only one which found any act of cruelty in support of the decree. Rule 67, Texas Rules of Civil Procedure, permits amendments to conform to issues tried without objection, but, even so, the amendment is granted by leave of court "up to the submission of the case to the Court or jury." In our opinion, the only issue which found the existence of facts in support of the decree was based on pleadings which came too late.

■ The wife was the only witness who testified about the single incident of cruelty. There are no other witnesses nor circumstances which corroborated the evidence. The most that the evidence showed was that the husband saw his wife on the street, approached her, caught hold of her arm and ordered her to return home. She pulled loose and ran. Her sister-in-law called the police. That evidence is not the full and satisfactory evidence needed to support a divorce. Dickey v. Dickey, Tex. Civ.App., 290 S.W.2d 933. The decree is reversed and the cause remanded.