Danny ODOM et al., Appellants,

v.

Chester L. LACY, Appellee.

No. 4081.

Court of Civil Appeals of Texas.

Eastland.

July 29, 1966.

Rehearing Denied Aug. 26, 1966.

Heath & Robinson, Arthur Petry, J. Robert Harris, Houston, for appellants.

Carey Williams, Houston, for appellee.

COLLINGS, Justice.

Chester L. Lacy brought suit against Ronnie Allen Odom and Danny Odom for damages sustained to plaintiff's automobile in a collision. Plaintiff alleged that Ronnie Allen Odom was guilty of negligence in the operation of the car belonging to Danny Odom and that Danny Odom was guilty of negligence in entrusting his automobile to his brother, Ronnie Allen Odom; that Ronnie Odom was the agent, servant or employee of and engaged in the scope and course of his employment for Danny Odom at the time of the collision and that Danny Odom had admitted liability for plaintiff's loss and paid $100.00 to be applied thereon. The defendants filed a general denial and alleged that Mrs. Chester L. Lacy, the driver of plaintiff's car, was guilty of contributory negligence. The trial was before the court without a jury and judgment was entered against both defendants, jointly and severally, for $1346.00. Danny Odom and Ronnie Allen Odom have appealed.

Appellants urge various points of error based upon the contention that there is no evidence to support implied findings by the trial court and that said findings, and the judgment based thereon, are so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust. Appellants urge such points in connection with the implied findings that Ronnie Odom was an agent, servant or em-

ployee of Danny Odom, acting in the scope of his employment for Danny Odom at the time of the collision, in connection with the findings that Danny Odom negligently entrusted his automobile to Ronnie Odom, that Ronnie Odom was an unskilled, inexperienced and unqualified driver, and that Danny Odom had, or should have had, knowledge that Ronnie Odom was an unskilled, inexperienced and unqualified driver.

Appellee contends there is ample evidence to support the implied findings that Ronnie Odom was guilty of negligence proximately causing the collision. We agree with appellee's contention concerning the sufficiency of the evidence to show that Ronnie Odom was guilty of negligence proximately causing the collision. Appellants admit such negligence and proximate cause concerning the actions of Ronnie Odom, but contend that the judgment was improperly entered because Mrs. Lacy was guilty of contributory negligence as a matter of law in failing to keep a proper lookout for cars to her right when approaching the intersection; in failing to yield the right-of-way to an automobile approaching from her right, and driving her automobile at an excessive rate of speed when approaching an uncontrolled intersection. Appellants also contend that the failure of the court to find that Mrs. Lacy was driving her automobile at an excessive rate of speed as she approached the uncontrolled intersection is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. We overrule appellants' points urging the above contentions. Concerning the matter of speed a disinterested eye witness estimated Mrs. Lacy's speed just prior to the collision to be as low as 10 miles and not more than 20 miles per hour. The evidence indicates that Ronnie Odom was operating the automobile in which he was traveling at a speed of 35 to 45 miles per hour. The evidence also shows that Ronnie Odom applied his brakes at quite a distance from the intersection. Concerning the alleged failure of Mrs. Lacy to yield the right-of-way Ronnie Odom admitted that when he first saw Mrs. Lacy she was in the intersection and he was not. One witness testified that he didn't "know of anything the lady could have done to get away from the other vehicle." There was evidence to the effect that if Mrs. Lacy had looked at and just prior to the time she entered the intersection, which was the only position from which she could have seen appellants' approaching vehicle, she could not have avoided the collision.

In appellants' 8th point it is contended that the court erred in entering judgment against appellant Danny Odom for the reason that there is no evidence to establish liability on the part of Danny Odom under any theory of law. In appellee's pleadings a recovery was sought against Danny Odom on the theory that his brother was his agent, servant or employee and while acting in the course of his employment was guilty of negligence proximately causing the collision in question, that Danny Odom negligently entrusted his automobile to his brother, whom he knew to be incompetent, and that Danny Odom admitted liability and agreed to pay the damages. Appellee admits that the judgment against Danny Odom is not based or supported on any theory of vicarious liability or negligent entrustment, although those grounds were urged in his pleadings. He contends that Danny Odom is liable because of (1) his written admission of liability and (2) promise to pay the full amount of appellee's damages in the sum of $1346.00, which promise and agreement was performed to the extent of actually paying $100.00 and agreeing to pay the balance in monthly installments of $50.00 each. The evidence urged by appellee in support of his contention consists of requests to Danny Odom for admissions of liability, the responses thereto and two letters signed by Danny Odom. The requests for admission

apparently refer to the letters in question, which are as follows:

"Plaintiff's Exhibit No. 1

March 14, 1962

Cavalier Insurance Corporation
P. O. Box 834
2301 N. Akard Street
Dallas 21, Texas.

Dear Sirs:

I am answering the letter pertaining to claim number KH–49972. I was not covered by liability insurance and do not have any large amount of money. I would like to pay you the damages to the amount of $1446.00. I would like to pay this off, but I don't have the money.

I will wait for your reply. I would like for you to go along with me and let me pay it on monthly terms.

Very truly yours,

Danny Odom
  /s/  Danny M. Odom"

Plaintiff's Exhibit No. 2

2514 Lawrence
Houston 8, Texas
March 28, 1962

Cavalier Insurance Corp.,
P. O. Box 834
Dallas 21, Texas

Attn: Mr. Herman T. Harvell

Re: Chester L. Lacy
    Policy No. W–400–10261
    Claim No. KH 49972
    Date of Accident, 1–12–62

Dear Sir:

I am sending a money order for $100.00 attached to this letter. I am sorry I did not answer sooner, but I had to secure the money. I will be able to send you $50.00 each month. If this is not agreeable, please let me know.

Thank you for going along with me as you have.

Yours very truly,

Danny M. Odom
  /s/  Danny M. Odom."

In appellee's request for admission number 2 Danny Odom was requested to admit that he had on "March 14, 1962,—admitted liability for the damages to plaintiff's automobile in the sum of FOURTEEN HUNDRED FORTY-SIX AND NO/100 ($1,446.00) DOLLARS and requested the privilege of paying said sum in monthly installments." Appellee's request number 3 sought an admission that on "March 28, 1962,—Danny Odom paid ONE HUNDRED and NO/100 ($100.00) DOLLARS to apply on the damage to plaintiff's automobile and agreed to pay the balance in monthly installments of FIFTY AND NO/100 ($50.00) DOLLARS per month." In answer to these requests for admissions, appellant Danny Odom objected to request number 2 concerning the first letter to the insurance company, contending that it was a request to admit a legal conclusion as to who was liable for the damages to appellee's car, and that any claimed admission by Danny Odom was merely an attempt to compromise the controversy. In answer to request number 3 it was admitted by Danny Odom that he had paid $100.00 to apply on the damage to plaintiff's automobile but he denied there was any agreement to pay the balance in monthly installments of $50.00 each.

■ Generally specific declarations or admissions against interest are admissible in civil cases against the party making them. Such declarations, however, should be declarations of facts as distinguished from interpretation of facts, and should not consist of mere opinions or conclusions. 24 Tex.Jur.2d, pages 166–169. Likewise, "admissions" are acknowledgments of the existence or truth of certain facts. Words

and Phrases, Vol. 2A Permanent Edition page 30. It is held that statements or admissions relating to questions of law, or which are mere conclusions of law are not admissible. Texas Reciprocal Insurance Association v. Stadler, 140 Tex. 96, 166 S.W.2d 121. Appellee admits, in effect, that there is no evidence of any negligence upon which to base Danny Odom's liability. The only basis of appellee's claim that Danny Odom is liable is Danny Odom's claimed admission. The two letters which appellee relies upon to show an admission of liability were not written to appellee Chester L. Lacy, but were addressed and sent by Danny Odom to Cavalier Insurance Corporation. An examination of the letters in our opinion indicates that Danny Odom admitted no fact showing liability. Danny Odom did not state that he admitted liability for the damages resulting from his brother's negligence. He stated only that he would like to pay the damages and that he would like to make the payments on monthly terms. It is undisputed that Danny Odom did pay the Cavalier Insurance Corporation $100.00. Danny Odom further stated in one of the letters to Cavalier Insurance Corporation that he would "be able to send you $50.00 each month." The letters do not show an admission of liability to appellee on the part of Danny Odom, nor do they show that he promised to pay to appellee the full amount or any portion of appellee's damages. The letters show only an offer by Danny Odom but not a promise to pay such damages to Cavalier Insurance Corporation. There was no promise or offer to make any payment to appellee, and appellee admits that there is no evidence upon which to base Danny Odom's liability on the theory of his responsibility as an employer for his brother's negligence, or on the theory of negligent entrustment. The offer to pay to a third party the damages resulting from his brother's negligence under these circumstances was not an admission of facts showing Danny Odom's liability, even though a partial payment was made. The admission, if any, related to the question of law concerning Danny Odom's liability under undisputed facts which showed there was no liability. See Texas Employers Ins. Ass'n v. Sewell, Tex. Civ.App., 32 S.W.2d 262, 1930, writ ref.; Traders & General Ins. Co. v. Stanaland, Tex.Civ.App., 202 S.W.2d 702, 1947, Ref. n. r. e.; Wade v. Superior Insurance Co., Tex.Civ.App., 244 S.W.2d 893, 1951, writ ref. There was no promise by Danny Odom to pay any amount to appellee Chester Lacy, upon which the latter is entitled to recover.

For the reasons stated, the judgment against Ronnie Allen Odom is affirmed. The judgment against Danny Odom is reversed and judgment is rendered in his favor.