**Eunice Langley Martin PORTER, Appellant,**

**v.**

**C. L. THALMAN, Appellee.**

**No. 15349.**

Court of Civil Appeals of Texas, San Antonio.

Nov. 13, 1974.

Rehearing Denied Dec. 18, 1974.

Petry & Petry, Jeptha Tatum, III, Carrizo Springs, for appellant.

Mann, Castillon, Freed & Kazen, Laredo, for appellee.

BARROW, Chief Justice.

Appellant has perfected her appeal from a judgment entered after a jury trial whereby her deed, which conveyed forty acres of land in Dimmit County to appellee, was reformed so as to delete a mineral reservation by appellant of a one-half interest of the oil and mineral rights underlying said premises for a period of twenty-five years.

The deed was executed by appellant pursuant to an agreement entered into on September 3, 1969, by these parties in settlement of a pending suit which had been filed by appellant and her lessee against appellee and his father to enjoin the defendants from trespassing upon appellant's property or damaging same. The agreement provides in part:

" . . . Mr. Thalman, will exchange a forty acre tract of land, which he owns, and which appears to be Survey 84 in the portion of the county map, which is here in evidence as Joint Exhibit #1, which forty acre tract would then be adjoining Mrs. Porter's 321.85 acre tract; and Mrs. Porter will in consideration for said conveyance to her convey to Mr. Thalman her forty acre tract which abuts and adjoins the forty acre tract of Mr. Thalman, conditioned, however, that the mineral rights which the parties may convey to each other in this exchange of forty acre tracts is equal, not referring to value but equal in realty interest."

Some delay was encountered in exchanging deeds in that fee title was not actually in Thalman and he had to exchange and release certain liens. Mrs. Porter's deed was executed on December 16, 1969, and Thalman's deed was executed on March 18, 1970; however, they were held by the escrow agent, Andrew P. Johnson, Esq., until delivered on March 31, 1970. Thalman's deed to Mrs. Porter was subject to a reservation of one-half interest in the mineral estate for twenty-five years from August 22, 1969, as set out in the deed from Esther Carlson et al. to C. L. Thalman. Thus, he conveyed a one-half interest in the mineral estate to Mrs. Porter together with the remainder interest in the other one-half. Production was discovered in 1971 on the tract conveyed to Thalman by Mrs. Porter and when he did not receive any royalty payments, he made inquiry of

his attorney and of the lessee, Sun Oil Company. Thalman learned at this time that Mrs. Porter had not unequivocally conveyed one-half of the minerals to him.

Thalman filed his suit shortly thereafter on May 31, 1971, wherein he alleged that the parties had covenanted by the agreement of September 3, 1969, to convey to the other all of the surface and the minerals such grantor then possessed in the respective tracts. He sought specific performance to correct Mrs. Porter's deed so that it conveys the minerals owned by her at such time. Shortly before this case proceeded to trial, Thalman filed an amended petition wherein he abandoned his prayer for specific performance. Instead, he alleged that the conveyance from Mrs. Porter was not clear in the sense that the mineral reservation could possibly be construed as reserving all of the minerals under said tract to Mrs. Porter.[1] He prayed that the court order reformation of said deed so that it conveys to him one-half of the minerals underlying said tract and further that he recover the amount of royalties received by Mrs. Porter after September 3, 1969.

Mrs. Porter specially denied in her answer that the agreement was that each would convey all the minerals that they owned in their respective tracts. She alleged that on the contrary, the agreement was that conveyance of the mineral interests would be optional, but if they did choose to convey same, the exchanges would be equal in realty interest. She also affirmatively asserted the defenses of res judicata, waiver and estoppel.

Four issues were submitted to the jury and the answers thereto form the basis of the court's judgment. The jury found substantially as follows:

1. Thalman and Mrs. Porter DID agree in the settlement agreement that each would transfer to the other a certain 40-acre tract of land if each could also convey to the other an equal mineral interest under said 40-acre tract.

2. Thalman and Mrs. Porter DID intend that the deed from Mrs. Porter to Thalman dated December 16, 1969, convey one-half of the minerals underlying the 40-acre tract therein described.

3. The general warranty deed from Mrs. Porter to Thalman DID fail to express the real intention of the parties to convey one-half of the minerals underlying the 40-acre tract described as a result of mistake, misapprehension or inadvertence of the attorneys representing Thalman and Mrs. Porter.

4. The deed from Mrs. Porter to Thalman IS ambiguous in referring to the mineral reservations therein as it is doubtful and is capable of more than one construction.

(This issue was conditionally submitted and was answered in violation of the court's instruction.)

Appellant asserts eighteen assignments of error which we have grouped under several propositions. She urges by several points that the judgment should be reversed and a take-nothing judgment rendered. Appellant asserts that the order of dismissal in the prior suit is res judicata of the claim asserted herein or operated to release her from such claim. It is further urged that appellee waived his right to assert a claim for reformation or is estopped from asserting such claim in that he accepted appellant's deed without complaint. She urges under several assignments of er-

---

1. The reservation in Mrs. Porter's deed to Thalman provides:
   "This deed is made subject to the following mineral reservations towit:
   One-half of all oil, gas and other minerals reserved in favor of W. H. Wilson by Deed recorded in Volume 99, Page 122–3 of the Deed Records of Dimmit County, Texas.

   The above named grantor reserves a one-half interest of the oil and mineral rights in said premises for a period of twenty-five (25) years from the delivery date of this deed, but that at the end of said period such rights terminate and such rights shall then vest in the owners of said real estate as of that date."

ror that her deed is clear and unambiguous and there is no pleading or proof to justify reformation of the deed. Finally, it is urged that appellee is not entitled to equitable relief since he does not appear with clean hands.

There are other points which seek a reversal and remand because of procedural errors. She complains of the submission of Questions Nos. 2 and 4 because there was no proper pleading of mutual mistake. In this connection it is urged that the trial court erred in permitting appellee to plead mutual mistake by a trial amendment filed nine days after the verdict was received. Error is urged also in the submission of Question No. 1 in that it is a law question and not an ultimate issue. Appellant further urges that the court erred in refusing to submit two issues she requested. Complaint is made of the erroneous admission of parol testimony to explain the agreement of September 3, 1969, and Mrs. Porter's deed to Thalman. Finally, it urged that the jury finding of mutual mistake is so against the great weight and preponderance of the evidence as to be manifestly unjust.

■ We must first consider whether the claim asserted here by appellee is barred by the agreement and subsequent dismissal of the prior suit. It is true that appellant and appellee, along with two others, were adverse parties in the prior suit and that this claim arose out of the agreement executed in settlement of same. Nevertheless, the claims are not identical and the claim asserted here by appellee could not have been decided in the first suit. Therefore, the doctrine of res judicata is not applicable. State v. Standard, 414 S.W.2d 148 (Tex.1967). Nor was this claim for reformation of the deed released by the order of dismissal in the first suit.

■ The escrow agent delivered Mrs. Porter's deed on March 31, 1970, and it was placed of record on May 27, 1970. No complaint was made of same by Thalman until a short time before the suit was filed. Appellant urges that since appellee accepted the deed without complaint, he is estopped as a matter of law from now complaining of the mineral reservation, or, in any event, waived his right to reform the deed. The testimony of appellee and his attorney, Mr. Cabello, that neither realized that Mrs. Porter had not conveyed to Thalman any of the minerals until shortly before the suit was filed raises a fact issue at the very least and defeats appellant's claim to estoppel or waiver as a matter of law. Fireman's Fund Indemnity Co. v. Boyle General Tire Co., 392 S.W.2d 352 (Tex.1965).

Appellant also urges that she is entitled to judgment as a matter of law in that her deed clearly and unambiguously conveys to Thalman only a reversionary interest in one-half of the minerals and there is no basis for reformation of same. This proposition is largely based on the inadequacy of appellee's pleadings. Although Mr. Cabello testified that he is still of the opinion that Mrs. Porter's deed conveys one-half of the minerals to Thalman, it does not do so.[2] This construction was undoubtedly apparent to appellee in that, otherwise, he would have sued Sun Oil Company seeking recovery of his royalties. Thus, appellee's suit seeks a reformation of the deed, not to remove an ambiguity but rather to rewrite the reservation so as to carry out the agreement of the parties. This purpose is clearly seen in the judgment of the trial court which rewrote the mineral reservation almost completely.

■ This purpose could be achieved by a suit seeking specific performance of the agreement or by a suit seeking a reformation of the deed. Specific performance, although pleaded by appellee in his original petition, was abandoned and is not in the

2. There is an apparent mistake as to the owner of the one-half reserved in Wilson deed under the rule of Duhig v. Peavy-Moore Lumber Co., 135 Tex. 503, 144 S.W.2d 878 (1940). This mistake or ambiguity does not enlarge the grant to appellee.

case. Therefore, appellee's judgment must be based on reformation of the deed. Despite hardship, relief by reformation will be denied in the absence of proof of a definite agreement between the parties which has been misstated in the written memorandum because of a common mistake to both contracting parties. Champlin Oil & Refining Co. v. Chastain, 403 S.W.2d 376 (Tex.1965). See also McClung v. Lawrence, 430 S.W.2d 179 (Tex.1968); Miles v. Martin, 159 Tex. 336, 321 S.W.2d 62 (1959).

It is immaterial whether appellee's construction of the agreement of September 3, 1969, as found by the jury is upheld or not in that Mrs. Porter concedes that the mineral interest conveyed would be equal. The jury found that Mrs. Porter's deed to Thalman failed to express the real intention of the parties to convey one-half of the minerals underlying the 40-acre tract as a result of mistake, misapprehension or inadvertence of the attorneys representing Thalman and Mrs. Porter. The judgment is based on this finding of mutual mistake. Appellant urges that the judgment cannot stand since there was neither timely pleading nor proof of mutual mistake.

The amended petition on which Thalman went to trial does not allege a mutual mistake, but rather that the mineral reservation is not clear. Nevertheless, the charge inquired as to whether the deed failed to express the parties real intention "as a result of mistake, misapprehension or inadvertence of the attorneys representing" the parties. "Mistake" was defined by the court as "a misapprehension of the draftsman of the instrument in question and the recipient thereof, each of said parties operating under the same mistake as to the legal meaning and operation of the language employed in the writing." Mrs. Porter objected to this definition and also to the issue inquiring as to whether the language of the deed was a mutual mistake of the attorneys for the reason that there was no pleading of mutual mistake. The trial court verbally granted Thalman leave to amend his petition; however, the trial amendment was not filed until some nine days after the verdict was received. This amendment was purportedly filed by appellee under authority of Rule 67, Texas Rules of Civil Procedure (1967), over the objection of appellant.

Rule 67 provides in part that when issues not raised by the pleadings are tried by express or implied consent of the parties they shall be treated in all respects as if they had been raised in the pleadings. Amendment may be made to conform the pleadings to the evidence by leave of the court at any time up to the submission of the case to the jury; "provided that written pleadings, *before the time of submission,* shall be necessary to the submission of special issues; . . . ." (Emphasis ours.) It is urged by appellee that the issue of mutual mistake was tried by implied consent of the parties, and therefore, the trial court properly granted leave for the trial amendment.

There is substantial evidence from both Thalman and Mr. Cabello that appellee and his attorney were mistaken as to the mineral interest conveyed by Mrs. Porter. Mrs. Porter did not testify as she was ill and confined to a nursing home. There is no testimony whatsoever in the record regarding her construction of the deed. She was represented in the first suit by W. O. Murray, Jr., Esq., and although he did not testify, appellee urges that there is evidence through him that raised a fact issue of mistake on the part of Mrs. Porter and her attorney. Mr. Cabello testified, over timely objection by appellant, that when Thalman learned he was not receiving any royalty from the production under this tract, Mr. Cabello telephoned Mr. Murray. Mr. Cabello testified that Mr. Murray stated in response to his inquiry regarding Thalman's failure to receive any royalty payment: "There's no reason why Mr. Thalman should not be getting it." It is thus urged that Mr. Murray mistakenly construed the deed of Mrs. Porter as convey-

ing one-half of the mineral interest to Thalman.

In civil cases, the admissions by an attorney in regard to matters as to which he is authorized to represent his client are receivable against the client. 2 McCormick & Ray, Texas Law of Evidence, Sec. 1169 (2nd ed. 1956). However, the statement of Mr. Murray does not come within this exception to the hearsay rule. The statement was purportedly made more than a year after the litigation had been concluded, wherein he had represented Mrs. Porter, and there is no showing that he represented Mrs. Porter at this latter time. Furthermore, such statement was in the nature of an opinion rather than a declaration of fact and thus not within the agency exception to the hearsay rule. Isaacs v. Plains Transport Co., 367 S.W.2d 152 (Tex.1963); Texas General Indemnity Co. v. Scott, 152 Tex. 1, 253 S.W.2d 651 (1952); Odom v. Lacy, 405 S.W.2d 718 (Tex.Civ.App.—Eastland 1966, writ ref'd n. r. e.). The trial court erred in admitting this hearsay evidence and it is without probative force.

Nevertheless, we believe there is other evidence in the record to raise an issue that Mrs. Porter was mistaken as to the effect of her deed, and particularly the mineral reservation. She alleged that the September 3, 1969, agreement of the parties was that the conveyance of mineral interests would be optional, but if the parties did choose to convey minerals the exchanges would be equal in realty interest. There is nothing to show that she did not intend to carry out this agreement to convey an equal mineral interest. The uncontradicted evidence establishes that the deed signed by Thalman conveying his tract to Mrs. Porter was actually prepared by Mr. Murray. It was thus known to him in his capacity as agent for Mrs. Porter prior to

delivery of the deeds that a one-half mineral interest was to be conveyed. It is further seen that the mineral reservation retained by "grantor" in her deed is substantially similar to the reservation in Thalman's deed.[3]

We conclude from this record that the issue of mutual mistake by the attorneys for the parties was raised during the trial, thus it was within the trial court's discretion to grant appellee leave to plead such issue by trial amendment. Rules 66, 67, Tex.R.Civ.P. (1967); Rose v. Shearrer, 431 S.W.2d 939 (Tex.Civ.App.—San Antonio 1968, no writ). Nevertheless, it is seen that appellee's trial amendment alleging mutual mistake was not filed before the submission of the case to the jury as required by the express language of Rule 67. See Arnold D. Kamen & Co. v. Young, 466 S.W.2d 381. (Tex.Civ.App.—Dallas 1971, writ ref'd n. r. e.); Precision Motors v. Cornish, 413 S.W.2d 752 (Tex. Civ.App.—Dallas 1967, writ ref'd n. r. e.); Tillery v. Tillery, 304 S.W.2d 156 (Tex.Civ. App.—San Antonio 1957, no writ); 2 McDonald, Texas Civil Practice, Sec. 8.08 (1970). Nor was there a waiver by appellant in that she timely and clearly pointed out this deficiency by her objections to the charge of the court.

The trial court erred in overruling appellant objections to the submission of the issue of mutual mistake in the absence of a timely pleading of this issue. Since the judgment is based on the jury finding of mutual mistake, this error is such as to require a reversal of the judgment and a remand of the case. The other asserted procedural errors are unlikely to occur on a retrial and therefore it is unnecessary to consider same.

The judgment of the trial court is reversed and the cause remanded for a new trial.

3. Thalman's deed to Mrs. Porter contains the following reservation:
"The property is subject to a reservation of one-half interest in the mineral estate for twenty-five years from August 22, 1969, as set out in the deed from Ester Carlson, et vir., et al., to C. L. Thalman, dated August 22, 1969, recorded in Volume 121, Page 350, et seq., Deed Records, Dimmit County, Texas."