S. J. MARTIN et al., Appellants,

v.

C. L. THALMAN et ux., Appellees.

No. 8165.

Court of Civil Appeals of Texas,
Beaumont.

June 29, 1978.

Eugene D. Stewart, Carrizo Springs, for appellants.

James B. Davis, Donald F. Robillard, Houston, L. L. Duckett, El Campo, Sherry L. Hartman, Dallas, J. G. Hornberger, Laredo, for appellees.

KEITH, Justice.

Defendants below appeal from an adverse summary judgment in a suit for specific performance of a settlement agreement. In an earlier appeal, *Porter v. Thalman,* 516 S.W.2d 755 (Tex.Civ.App.—San Antonio 1974, writ ref'd n.r.e.), the court of civil appeals made an extensive statement of the underlying facts of this case, and we find no reason to recite again in detail the events up through the first appeal.

For the purposes of this opinion, it is sufficient to state that in 1969, Eunice Porter and C. L. Thalman entered into a settlement agreement in an injunction suit brought by Mrs. Porter. They agreed to exchange two forty-acre tracts of land and equal mineral interests. Two deeds were exchanged, and the suit was dismissed with prejudice against Mrs. Porter. When oil was discovered on the tract conveyed to Thalman, he discovered that Mrs. Porter had retained a one-half mineral interest and failed to convey any mineral interest to him; whereas, he and his wife had conveyed a one-half mineral interest to Mrs. Porter. This suit resulted.

After remand, plaintiffs amended the original petition. They requested that Mrs. Porter be required to specifically perform the terms of the agreement by conveying a one-half mineral interest, or that the deed from Mrs. Porter be reformed to carry out the agreement, or that the conveyance of one-half mineral interest to Mrs. Porter be held null and void for want of consideration and that any royalty payments for such land be paid to them. Eunice Porter died and her heirs, S. J. and George Martin, were joined as defendants to represent her estate. Plaintiffs filed a motion for summary judgment requesting specific performance, and it was granted. A judgment was entered that the Porter Heirs convey to plaintiffs the one-half mineral interest retained by Mrs. Porter and that plaintiffs recover all royalty payments received by Mrs. Porter, with interest, and all royalty payments held in escrow by Sun Oil Company. The court severed plaintiffs' cause of action against Sun Oil Company.

Defendants appeal on ten points of error. We find it necessary to discuss their second point only. Defendants contend that the trial court erred in granting a summary judgment requiring specific performance of the settlement agreement because the agreement contains no legal description of the property to be conveyed.

The Statute of Frauds requires that contracts for the sale of real estate be in writing. *Tex. Bus. & Comm. Code § 26.01* (1968), as amended, (Supp. 1978). For the contract to be valid and enforceable by specific performance, it must contain a property description that makes the subject matter to be conveyed identifiable. *Wilson v. Fisher,* 144 Tex. 53, 188 S.W.2d 150, 152 (1945). "To be sufficient, the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the land to be conveyed may be identified with reasonable certainty." *Morrow v. Shotwell,* 477 S.W.2d 538, 539 (Tex. 1972); accord, *Kmiec v. Reagan,* 556 S.W.2d 567, 569 (Tex. 1977); *U.S. Enterprises, Inc. v. Dauley,* 535 S.W.2d 623, 627 (Tex. 1976); *Williams v. Ellison,* 493 S.W.2d 734, 736 (Tex. 1973).

The settlement agreement contained the following description of the two properties to be exchanged:

"The compromise and settlement agreement provides, and it shall be related to what will be marked here as a joint exhibit, Plaintiffs and Defendants Joint Exhibit # 1 for reference, that the defendant, Mr. Thalman, will exchange a forty acre tract of land, which he owns, and which appears to be Survey 84 in the portion of the county map, which is here in evidence as Joint Exhibit # 1, which forty acre tract would then be adjoining Mrs. Porter's 321.85 acre tract and Mrs. Porter will in consideration for said conveyance to her convey to Mr. Thalman, her forty acre tract which abuts and adjoins the forty acre tract of Mr. Thalman, conditioned, however, that the mineral rights which the parties may convey to each other in this exchange of forty acre tracts is equal, not referring to value but equal in realty interest."

Citing *Pritchard v. Burnside,* 140 Tex. 212, 167 S.W.2d 159 (1943), plaintiffs contend that the above description together with Joint Exhibit # 1 identifies the properties to be conveyed with reasonable certainty.[1] We must disagree.

"An attached map becomes a part of the written contract and can aid a defective written description if the map contains enough necessary descriptive information." *U.S. Enterprises v. Dauley,* supra at 628. However, the alleged Exhibit # 1 before us only indicates where Survey 84, which contains over 640 acres, is located. There is no coloring on the copy in the transcript. It together with the above description does not indicate where within Survey 84 either of the forty-acre tracts is located. Therefore, the description is not so definite so as to make the land identifiable with reasonable certainty. See *U.S. Enterprises v. Dauley,* supra at 629; *Greer v. Greer,* 144 Tex. 528, 191 S.W.2d 848, 850 (1946); *Smith v. Sorelle,* 126 Tex. 353, 87 S.W.2d 703, 705 (1935); *Pfeiffer v. Lindsay,* 66 Tex. 123, 1 S.W.2d 264, 265 (1886).

There being no proper legal description of the tracts being exchanged, we find that the settlement agreement is void and unenforceable by specific performance. Therefore, the judgment of the trial court is reversed.

Since it appears likely that the plaintiffs excusably omitted to fully develop their alternative grounds for recovery as a result of the erroneous judgment of the trial court, we are of the opinion that to remand rather than to render judgment

1. Joint Exhibit # 1 was filed in the records of the 1969 suit, but was removed from the file by an unknown person, according to an affidavit sworn to by the District Clerk of Dimmit County attached to Plaintiffs' Supplemental Petition for Summary Judgment. Also attached to their supplemental petition is an affidavit sworn to by Carlos Castillon, attorney for Thalman in the prior case, and a map of Dimmit County. He swears that the map is an accurate copy of Joint Exhibit # 1.

will better serve the ends of justice in this case. See *United States Fire Insurance Co. v. Carter*, 473 S.W.2d 2, 3 (Tex. 1971) (per curiam); *Scott v. Liebman*, 404 S.W.2d 288, 294 (Tex. 1966); *Tex. R. Civ. P. 434*.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.

REVERSED and REMANDED.