Morris FUSELIER, Jr., Appellant,

v.

DOW CHEMICAL COMPANY and Buzzini Drilling Company, Appellees.

No. 17485.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 8, 1979.

Rehearing Denied Dec. 13, 1979.

Jamail & Kolius, Richard Warren Mithoff, Jr., Houston, for appellant.

Vinson & Elkins, John T. Golden, Fulbright & Jaworski, Frank G. Jones, Martin, Sperry & LeBoeuf, Jack R. Martin, Houston, for appellees.

WARREN, Justice.

This is an appeal from a take-nothing judgment in a personal injury case. The question to be decided is whether the court erred in refusing to admit into evidence as an admission portions of a brief submitted by appellee's counsel on a previous appeal of the venue determination in this case.

Appellant, an employee of Joe's Rental Tools, was injured while working on a drilling rig in DeWitt County. He sued Dow Chemical and appellee in Harris County, and sought to maintain venue in Harris County under Subdivision 4, Article 1995. Under this subdivision, a plaintiff must show that the residence of one of the defendants is in the county where suit is filed, that he has a cause of action against the resident defendant, and that the other defendant is a proper party to the suit. The trial judge found that Dow Chemical Company was a resident of Harris County, and that its negligence was a proximate cause of the injuries to appellant, which proof entitled it to maintain venue in Harris County against Dow and appellee.

On the venue appeal, appellee's (Buzzini) counsel argued in its brief that the evidence at the hearing did not prove negligence against Dow Chemical and stated:

"In point of fact, all of the testimony indicated that the reason for the occurrence of the accident was due to the lowering of the casing by the draw works operator (a Buzzini employee) at too rapid a rate, and there is no testimony to support any finding or conclusion as to lack of visibility contributing to this incident, nor is there any evidence that a warning to the stabber (the plaintiff, Mr. Fuselier) by Mr. Munger (a Dow employee) or anyone else would have prevented the accident as Mr. Fuselier indicated that he observed the swinging, had moved back as far away as he could but not far enough away to avoid the injury."

The gist of the statement was that *the evidence at the hearing on the plea of privilege showed no negligence against Dow* (or appellant), but instead indicated negligence against Buzzini, the non-resident defendant. Appellant urges that the statement should have been admitted as an admission of the defendant, as a judicial admission, or as a prior inconsistent statement.

An admission has been defined as "any statement made or act done by one of the parties to any action or on his behalf which amounts to a prior acknowledgment by such party that one of the facts relevant to the issues is not now as he claims." *Hartford Accident and Indemnity Co. v. McCardell*, 369 S.W.2d 331 (Tex.1963).

As evidence, admissions by a party are a two-pronged assault on the admitter's case. As a true exception to the hearsay rule, they prove the truth of the facts admitted, and since by definition they are inconsistent with the admitter's testimony at trial, they tend to impeach his credibility. *Hartford Accident and Indemnity Co. v. McCardell*, supra, citing *Cook v. Hamer*, 158 Tex. 164, 309 S.W.2d 54 (1958) and 2 McCormick and Ray, Texas Law of Evidence, § 1121.

In civil cases, the admissions by an attorney in regard to matters as to which he is authorized to represent his client are receivable against the client. *Porter v. Thalman*, 516 S.W.2d 755 (Tex.Civ.App.— San Antonio 1974, writ ref'd n.r.e.).

The prior statement made by appellee's counsel concerned the quantity and quality of the evidence admitted at the venue hearing; it did not admit either that it was negligent or that its adversary was not negligent. Whether appellant sought to introduce the prior statement as an admission to be used as probative evidence or as a prior inconsistent statement for impeachment, it was not admissible.

The trial court did not err in refusing to admit the prior statement.

The judgment is affirmed.

PEDEN and EVANS, JJ., also sitting.