S. J. MARTIN et al., Appellants,

v.

C. L. THALMAN et ux., Appellees.

No. 16452.

Court of Civil Appeals of Texas,
San Antonio.

March 25, 1981.
Rehearing Denied June 24, 1981.

Eugene Stewart, Carrizo Springs, Morrison, Dittmar, Dahlgren & Kaine, Michael J. Kaine, San Antonio, for appellants.

James B. Davis, Davis & Hagerty, Houston, L. L. Duckett, Duckett, Bouligny & Collins, El Campo, Jacob G. Hornberger, Laredo, for appellees.

### OPINION

KLINGEMAN, Justice.

This is the third appeal in this case. The underlying facts of the case are basically set forth in the opinions in the two previous appeals, *Porter v. Thalman*, 516 S.W.2d 755 (Tex.Civ.App.—San Antonio 1974, writ ref'd n. r. e.), and *Martin v. Thalman*, 568 S.W.2d 460 (Tex.Civ.App.—Beaumont 1978, no writ). Essentially, the suit concerns the exchange of deeds between Mrs. Porter and the Thalmans, made pursuant to a settlement agreement entered into between them in September, 1969, in an injunction suit brought by Mrs. Porter. The settlement agreement provided that the parties would exchange two forty-acre tracts of land "conditioned, however, that the mineral rights which the parties may convey to each other in this exchange of forty-acre blocks is equal, not referring to value but equal in interest, in realty interest, that is." Deeds were prepared and subsequently executed pursuant to this agreement; however, it was eventually discovered that the deeds did not convey equal mineral interests.

On this appeal, appellants, who will generally be referred to herein as the "Porter heirs," appeal from a judgment of the trial court reforming the deed of conveyance of Mrs. Porter to the Thalmans and deleting from the Porter deed a reservation of one-half of the mineral interest for a term of 25 years reserved in favor of Mrs. Porter. Trial was to a jury with a number of special issues submitted.[1] On the basis of such jury findings, the trial court entered judgment reforming the Porter deed so that it would convey an undivided one-half interest in the minerals to the Thalmans; ordering that the Thalmans recover from Porter and Sun Oil $14,363.74 because Sun Oil had actual and lis pendens notice of the Thalmans' claim; and holding that all claims against the Stigalls, a subsequent purchaser of the tract deeded to Mrs. Porter by the Thalmans, were barred by the statute of limitations. The trial court in its judgment found that both parties intended to convey one-half interest in the minerals and that all equities were in favor of the Thalmans.

As hereinbefore mentioned, this is the third appeal of this case. In the first trial, judgment was entered after a jury trial reforming the deed of conveyance from Mrs. Porter to the Thalmans so as to delete

---

1. The jury answered special issues as follows:

  1. Porter agreed to convey to Thalman an equal mineral interest under the forty acre tract to be exchanged under the terms of the settlement agreement.

  2. W. O. Murray, Jr., failed to embody the true agreement of the Thalmans and Porter when he prepared the two deeds exchanged by them.

  3. The two deeds exchanged by Porter and the Thalmans failed to convey equal mineral interest to each respective party as a result of the mutual mistake, misapprehension or inadvertence of the parties and their attorneys.

  4. W. O. Murray, Jr., falsely represented to the plaintiffs that the mineral interest that would be conveyed by the terms of Porter's deed was equal to the mineral interest the plaintiffs were conveying to Porter.

  5. The false statement was made for the purpose of inducing the plaintiffs to sign the deed to Porter.

  6. The plaintiffs actually believed the false statements when they executed their deed to Porter.

  7. The plaintiffs relied upon said false statements when they execute the deed to Porter.

  8. The plaintiffs have suffered damages by reason of said false statement.

  9. Porter's acceptance of the Thalman deed at a time when she knew that the deed from her to the plaintiffs did not convey equal mineral interests, was fraudulent.

  10. Such fraud resulted from affirmative acts of concealment by Porter or her attorneys.

  11. The plaintiffs have suffered damages by reason of said fraud.

  12. The plaintiffs gave Sun Oil Co. actual notice of the disputed ownership of the mineral interest underlying the North one-half of the East one-half of the Northwest Quarter of Abstract 225, Survey Number 84, of Block Number 1, Patent 303, of the I.B.N.R.R. Survey of Dimmit County, Texas, as of November 9, 1971.

a mineral reservation by Mrs. Porter of one-half interest in the mineral rights for a term of twenty-five years. On appeal, this court held that the trial court erred in overruling Mrs. Porter's objections to the submission of the issue of mutual mistake in the absence of timely pleadings on that issue, and that since the judgment was based on a jury finding of mutual mistake such error required a reversal of the judgment and a remand of the case. *See Porter v. Thalman, supra.* On remand, a summary judgment for specific performance was entered against the Porter heirs ordering the Porter heirs to convey to the Thalmans the one-half mineral interest retained by Mrs. Porter. This case was again appealed and the Beaumont Court of Civil Appeals reversed and remanded holding that there was insufficient legal description of the tracts to be exchanged and that under the circumstances the ends of justice would best be resolved by remanding rather than rendering judgment. *See Martin v. Thalman, supra.* These two opinions contain a detailed statement of the underlying facts of the case and we will not repeat them in detail. Basically, it is sufficient to state that in 1969 Mrs. Porter and C. L. Thalman entered into a settlement agreement in an injunction suit brought by Mrs. Porter. They agreed to exchange two forty-acre tracts of land and to exchange equal mineral interests in the tracts, if any. Two deeds were exchanged and the suit was dismissed with prejudice against Mrs. Porter. When oil was discovered on the tract conveyed to Thalman, he discovered that Mrs. Porter had retained a one-half mineral interest and failed to convey any mineral interest to him; whereas, he and his wife had conveyed a one-half mineral interest to Mrs. Porter.

The problem here arises in part because both 40-acre tracts of land held outstanding mineral interest reservations of one-half of the mineral interests for a term of years, and the deed of exchange given by Mrs. Porter to the Thalmans specifically recited that such tract was subject to an outstanding mineral reservation of an undivided one-half interest for a term of years. Addi-

tionally, Mrs. Porter reserved another one-half interest in the minerals for a term of years in favor of herself. On the other hand, the deed of conveyance of the 40-acre tract from the Thalmans to Mrs. Porter recited that such tract was subject to an existing outstanding one-half mineral interest in a third party, but made no additional mineral reservation therein. Sun Oil Company had an oil, gas and mineral lease on the property conveyed by Mrs. Porter to the Thalmans. The Thalmans filed a lis pendens notice in June, 1971, shortly after this suit was brought; however, Sun Oil Company continued to make payments of royalties to Mrs. Porter through 1974 on the lands conveyed by Mrs. Porter to the Thalmans. The tract of land that was conveyed by the Thalmans to Mrs. Porter was subsequently conveyed to the Stigalls.

The Porter heirs assert eight points of error. We will first discuss their first three points of error, which are as follows: The trial court erred in granting judgment reforming the Porter to Thalman deed because (1) plaintiffs (Thalmans) failed to establish the true agreement of the parties regarding the percentage of minerals to be conveyed; (2) there is no evidence that the parties were mutually mistaken concerning Porter's reservation of a 25-year term mineral interest; and (3) any jury finding on Special Issue No. 3 indicating that the parties were mutually mistaken concerning Porter's reservation of a 25-year term mineral interest is not supported by sufficient evidence.

In support of these points of error the Porter heirs basically contend (1) although the judgment of reformation is based on mutual mistake, there was no mistake on the part of Mrs. Porter and she conveyed just what she wanted to convey; (2) the Thalmans had the burden of proving the true agreement between the parties which they wholly failed to do; (3) the Thalmans' judgment must fail because they failed to submit and secure jury findings on material controlling issues necessary to support the judgment of reformation; and (4) the Thalmans failed to obtain a jury finding that

the parties intended to convey an undivided one-half interest in the minerals and there is no jury finding that there was any agreement to convey an undivided one-half interest in the minerals.

The equitable reformation of a written contract is based upon the premise that a contract was actually made, but the written memorandum thereof, because of a mutual mistake, does not truly reflect the actual agreement of the parties. Reformation is a proper remedy when the parties have reached a definitive and explicit agreement, understood in the same sense by both, but, by their mutual or common mistake, *the written contract fails to express the agreement.* *Champlin Oil & Refining Co. v. Chastain,* 403 S.W.2d 376 (Tex.1965); *First National Indemnity Co. v. Conway,* 495 S.W.2d 11 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n. r. e.); *Continental Casualty Co. v. Bock,* 340 S.W.2d 527 (Tex. Civ.App.—Houston 1960, writ ref'd n. r. e.); Black, On Rescission and Cancellation, § 11; 49 Tex.Jur.2d Reformation of Instruments § 9 (1963).

It is basic to the remedy of reformation that the true agreement between the parties be shown. *Burrows v. Seale,* 148 Tex. 411, 225 S.W.2d 966 (1950); *Pegues v. Dilworth,* 134 Tex. 169, 132 S.W.2d 582 (1939); *Sun Oil Co. v. Bennett,* 125 Tex. 540, 84 S.W.2d 447 (1935). Once such agreement is established, equity may reform the written instrument so as to conform thereto but cannot create and bring into being an agreement not made by the parties.

One seeking reformation of a written instrument must prove the true agreement of the parties and prove that the erroneously written, included or omitted provision in the instrument was there by mutual mistake. *National Resort Communities v. Cain,* 526 S.W.2d 510 (Tex.1975); *First National Indemnity Co. v. Conway, supra.*

The Thalmans contend that there was an agreement between the parties to convey a one-half interest in the minerals in their respective tracts. The Porter heirs dispute this, saying that there was no such agreement and that the only agreement was to convey equal mineral interests which could be done in many ways. The Porter heirs urge that the problem here arose because the Thalmans and their attorneys did not make a proper reservation in their deed and that all they had to do to see that equal mineral interests were exchanged was to put a reservation of a one-half mineral interest in their favor in their deed of conveyance to Mrs. Porter.

The Thalmans who are seeking reformation failed to submit an issue to the jury to establish a finding of an agreement to convey a one-half mineral interest. Rule 279 of the Texas Rules of Civil Procedure requires submission of controlling issues to the jury. Rule 279 requires the party relying on the issue to request, on penalty of waiver for failure to request, the issue's submission in substantially correct wording. Under the rule, waiver would not occur if the omitted issue is a component element of a ground of recovery or defense partially submitted and the issue is omitted *without a request therefor by the party relying on it or an objection by the party opposing the issue.* In that situation, the omitted jury issue is submitted to the trial court for resolution. *Dittberner v. Bell,* 558 S.W.2d 527 (Tex.Civ.App.—Amarillo 1977, writ ref'd n. r. e.). Where, however, the other party objects to the omission of the issue, such objection precludes any finding by the trial court on the element not submitted to the jury. We have such a case here. An issue which would require a jury finding of the parties' agreement to convey one-half mineral interests was omitted. The Martins, in their objection to the court's charge, objected to Special Issue No. 1 because: "the issue asks if Mrs. Porter agreed to convey an equal mineral interest without any indication as to what the mineral interest would be equal to." The Martins also objected to the omission of issues to determine the intent of the parties to the two deeds. The proper submission would have been to ask the jury to find that the parties

agreed, not only to convey equal mineral interests, but also that they agreed to convey one-half mineral interests. *See Barcheers v. Braswell,* 548 S.W.2d 76 (Tex.Civ. App.—El Paso 1977, no writ).

The first Porter-Thalman case was a reformation case also. It is evident from this court's opinion in that case that the jury was asked if the parties agreed to convey an equal mineral interest and whether the parties intended to convey one-half of the minerals in the underlying tracts.[2] We think a similar submission was proper in this case. *See Porter v. Thalman,* 516 S.W.2d 755 (Tex.Civ.App.—San Antonio 1974, writ ref'd n. r. e.).

Although the Thalmans make some contention that the Porter heirs' point of error number one is a no evidence point of error, the error complained of is plaintiff's failure to obtain a fact finding on a disputed material fact issue. As hereinbefore discussed, Rule 279 requires the party relying on an issue to request, on penalty of waiver for failure to request, the issue's submission in substantially correct wording. Plaintiffs waived a controlling issue on which they rely for recovery and in doing so they failed to meet the burden placed upon them by law. While there are instances where the party relying on an issue will not waive an omitted issue, as hereinbefore discussed, we do not have such a case here.

The Porter heirs' point of error number one is sustained.

The Porter heirs' second and third points of error complain of the sufficiency of the evidence to support any finding that the parties were mutually mistaken concerning Mrs. Porter's reservation of the term mineral interest in her deed of conveyance. There is sufficient evidence to support a finding that the Thalmans or their attorneys were mistaken as to the effect of the exchange deeds, but this evidence does not support any such finding as to the Porters. The gist of such evidence is that Mrs. Porter did exactly what she intended to do and that there was no mistake on her part. The record does not support any finding of mutual mistake.

We have concluded that because of the errors hereinbefore discussed this case must be reversed as to the Porter heirs and, in particular, the judgment reforming the Porter deed. There is no complaint herein made of the holding that all claims against the Stigalls were barred by the statute of limitations and this part of the judgment must be affirmed. Sun Oil Company complains of the findings that they had actual and lis pendens notice of the Thalmans' claim. There is sufficient evidence in the record to support these findings, and all of Sun Oil Company's points of error are overruled.

That portion of the judgment holding adversely to the Porter heirs is reversed and remanded to the trial court for a new trial. The judgment as to Sun Oil Company and the Stigalls is affirmed.

CADENA, Chief Justice, dissenting.

Under the facts of this case, I cannot agree that it was necessary for the court to submit an issue inquiring whether the parties intended to convey to each other a one-half mineral interest in the tracts of land exchanged.

The settlement agreement with which we are here concerned was executed on September 3, 1969. On December 12, 1969, Mrs. Porter entered into a contract with T. Van Stigall and Don V. Stigall calling for

---

2. In such case the jury found substantially as follows:
    1. Thalman and Mrs. Porter DID agree in the settlement agreement that each would transfer to the other a certain 40-acre tract of land if each could also convey to the other an equal mineral interest under said 40-acre tract.
    2. Thalman and Mrs. Porter DID intend that the deed from Mrs. Porter to Thalman dated December 16, 1969, convey one-half of the minerals underlying the 40-acre tract therein described.
    3. The general warranty deed from Mrs. Porter to Thalman DID fail to express the real intention of the parties to convey one-half of the minerals underlying the 40-acre tract described as a result of mistake, misapprehension or inadvertence of the attorneys representing Thalman and Mrs. Porter.

the sale by Mrs. Porter to the Stigalls of certain land, including the 40-acre tract which, under the terms of the settlement agreement, was to be conveyed to Mrs. Porter by the Thalmans. This contract of sale provided that the Stigalls were to "receive no less than One-Half of all Minerals and Royalty." Clearly, in order for Mrs. Porter to comply with her obligations to the Stigalls under the contract, it was essential that she receive from the Thalmans at least one-half the mineral interest in the land conveyed to her by the Thalmans in compliance with the agreement to exchange lands.

Andrew Johnson, Esq., an attorney and owner of a title company, was handling the closing of the sale by Mrs. Porter to the Stigalls. Since the Thalman-Porter settlement agreement had not been consummated, it was necessary that Mrs. Porter obtain title to the 40 acres which she was to receive under such agreement. A deed of conveyance of the Thalman property to Mrs. Porter was delivered to Mr. Johnson by Mrs. Porter's attorney, W. O. Murray, Esq. Mr. Johnson returned this deed, dated December 9, 1969, to Mr. Murray because there was a discrepancy in the acreage being conveyed to Mrs. Porter and because the deed called only for the signature of Mr. Thalman rather than of Mr. and Mrs. Thalman.

After Mr. Johnson's objections to the Thalman conveyance had been corrected, the sale by Mrs. Porter to the Stigalls was consummated. During the period when attempts to consummate this transaction were being made, Mr. Johnson was, in his words, "Trying to see if Mrs. Porter [was] going to be able to deliver, according to the terms of the Escrow Contract [with the Stigalls], not less than one-half of the minerals that she [was] receiving from the Thalmans."

All of the deeds which were finally executed in carrying out the Thalman-Porter settlement agreement were prepared by Mr. Murray, Mrs. Porter's attorney. Mr. Murray testified that, in preparing the deeds it was at all times his intention, as attorney for Mrs. Porter, that there be an exchange of "equal mineral interests" so that the Thalmans and Mrs. Porter would own equal mineral interests in the lands being exchanged. He said this was the result "we wanted," and that the intent of the settlement agreement was that after the exchange of lands the Thalmans would own the same mineral interest in the land they received from Mrs. Porter that they had in the land which they conveyed to Mrs. Porter.

Mr. Murray's testimony concerning his intention is supported by his statement that when he saw the deed first tendered to him by the Thalmans, prepared by their attorney, he noted the 25-year reservation as to one-half of the minerals. He concluded that he should place a similar reservation in the deed from Porter to the Thalmans, believing that by adding such reservation the parties would then be conveying equal mineral interests to each other. He, apparently, did not realize that the effect of adding such additional reservation to the deed he prepared for Mrs. Porter's signature would be that the Thalmans received no present mineral interest whatever.

Appellant's suggestion that since both the Thalmans and their attorney had an opportunity to read the deeds in question they cannot now claim that they failed to realize that the Porter deed failed to convey any of the minerals must be rejected. *Fireman's Fund Indemnity Co. v. Boyle General Tire Co.*, 392 S.W.2d 352 (Tex.1965); *Porter v. Thalman*, 516 S.W.2d 755 (Tex.Civ.App.— San Antonio 1974, writ ref'd n. r. e.).

There is testimony that, in the negotiations leading to the execution of the settlement agreement, it was agreed that each party was to convey to the other one-half of the mineral interest in the lands being exchanged. In order to comply with her obligations under the contract with the Stigalls, it was essential that Mrs. Porter receive one-half of the mineral interest from the Thalmans. Her lawyer knew that the deed he finally prepared for the signature of the Thalmans conveyed a one-half mineral interest. Clearly, when she executed the contract with the Stigalls, Mrs. Porter contem-

plated that the Thalmans, in performing their obligation under the settlement agreement, would convey one-half of the mineral interest to her. When she executed the deed to the Stigalls, conveying one-half the interest in the land which she received from the Thalmans, she knew the effect of the Thalman deed and, certainly, at all times when she contemplated receiving such mineral interest from the Thalmans, she was aware of conveying an equal interest to them. Under all the circumstances, her testimony by deposition that she never intended to convey any mineral interest to the Thalmans in performance of the settlement agreement is inherently unbelievable. The overt actions of all parties, including their attorneys, indisputably establish that the intent of the settlement agreement, as interpreted by the parties, was that each party convey to the other one-half of the minerals.

Under such circumstances, the submission of an issue inquiring as to the percentage of minerals to be conveyed under the agreement was not required.