C. L. THALMAN, et ux., Petitioners,

v.

S. J. MARTIN, et al., Respondents.

No. C–593.

Supreme Court of Texas.

June 16, 1982.

Rehearing Denied July 21, 1982.

Davis & Hagerty, James B. Davis, Houston, for petitioners.

Petry & Petry, Eugene D. Stewart, Carrizo Springs, Morrison, Dittmar, Dahlgren & Kaine, Michael J. Kaine, San Antonio, for respondents.

CAMPBELL, Justice.

This is the third appeal of a suit on the exchange of deeds under a settlement agreement. The court of civil appeals affirmed the judgment in part, and reversed and remanded in part. 620 S.W.2d 151. The judgment of that court is affirmed in part and reversed in part.

Prior to this suit, Mrs. Porter[1] sought an injunction against the Thalmans. A settlement agreement, dictated into the record, provided Mrs. Porter and the Thalmans would exchange two 40-acre tracts of land "conditioned, however, that the mineral rights which the parties may convey to each other in this exchange of forty-acre blocks is equal, not referring to value but equal in interest, in realty interest, that is."

The Thalmans delivered a proposed deed to their 40-acre tract to Mrs. Porter on December 9, 1969. The deed conveyed to Mrs. Porter the surface and mineral estate subject to an outstanding reservation of one-half the mineral interests for a 25 year term. This deed had some errors unrelated to the questions here; and it was some time before Mr. Murray, Mrs. Porter's attorney, prepared the final deed.

On December 12, Mrs. Porter contracted to sell some land to Don and Van Stigall. The land included the 40-acre tract the Thalmans were to convey to her under the settlement agreement. The contract provided the Stigalls were to "receive no less than One-Half of all Minerals and Royalty." To close the sale to the Stigalls, Mrs. Porter had to receive the final deed from the Thalmans.

Mr. Murray then prepared the Porter-to-Thalman deed. That deed recited the tract was subject to an outstanding perpetual reservation of an undivided one-half interest in the minerals, and reserved to Mrs. Porter a one-half interest in the minerals for a term of 25 years. Mr. Murray testified he placed the 25 year reservation in the Porter-to-Thalman deed after seeing the Thalman-to-Porter deed was subject to an outstanding 25 year reservation. The additional 25 year term reservation meant the Thalmans would receive no present mineral interest from Mrs. Porter.

In their final form, the Porter-to-Thalman deed conveyed only a reversionary interest in one-half the mineral estate, while the Thalman-to-Porter deed conveyed a present one-half interest in the mineral estate and a reversionary interest in the other one-half.

The deeds were exchanged; and Mrs. Porter's injunction suit against the Thalmans was dismissed with prejudice. The next day Mrs. Porter delivered her deed to the Stigalls.

---

1. Mrs. Porter died during the course of this lawsuit. Her interests are now represented by her heirs, S. J. Martin, et al.

Mineral production was discovered in 1971 on the tract conveyed to the Thalmans by Mrs. Porter. When they did not receive royalty payments, the Thalmans discovered they had no present mineral interest in the tract. The Thalmans brought suit to recover the one-half mineral interest reserved to Mrs. Porter and to recover royalty payments from Sun Oil Company.

In the first trial of this case, judgment was rendered reforming the Porter-to-Thalman deed by deleting the 25 year term reservation to Mrs. Porter in one-half the mineral estate. The court of civil appeals reversed and remanded, holding the trial court erred in overruling the objections of the Porter heirs to the submission of an issue on mutual mistake without proper pleadings. *Porter v. Thalman*, 516 S.W.2d 755 (Tex.Civ.App.—San Antonio 1974, writ ref'd n. r. e.). In the second trial, the trial court rendered summary judgment against the Porter heirs, ordering them to convey to the Thalmans the one-half mineral interest reserved to Mrs. Porter. The court of civil appeals reversed and remanded, holding the legal description of the tracts was insufficient, making the settlement agreement unenforceable by specific performance. *Martin v. Thalman*, 568 S.W.2d 460 (Tex.Civ. App.—Beaumont 1978, no writ).

The last trial was to a jury.[2] The trial court rendered judgment on the jury verdict, and additionally found the parties intended to convey one-half mineral interest and that all equities were in favor of the Thalmans. The court rendered judgment reforming the Porter-to-Thalman deed to convey an undivided one-half mineral interest in the minerals to the Thalmans; ordered that the Thalmans recover from the Porter heirs and Sun Oil Company $14,363.74 because Sun Oil had actual and lis pendens notice of the Thalmans claim; and

held all claims against the Stigalls were barred by the statute of limitations.

The court of civil appeals affirmed the judgment as to Sun Oil Company and the Stigalls, and reversed and remanded the part of the judgment holding adversely to the Porter heirs. That court held the Thalmans failed to submit a special issue on whether the parties agreed to convey a specific fraction, one-half, of the minerals. The court also held there was no evidence to support the finding Mrs. Porter was mistaken; when in fact, the evidence showed Mrs. Porter did exactly what she intended to do.

■ The Thalmans are entitled to the equitable remedy of reformation of their deed upon proving (1) they had reached an agreement with Mrs. Porter; but (2) the deeds did not reflect the true agreement because of a mutual mistake. *Estes v. Republic Nat'l Bank*, 462 S.W.2d 273, 275 (Tex. 1970); *Champlin Oil & Refin. Co. v. Chastain*, 403 S.W.2d 376, 382 (Tex.1965).

### The Agreement

The Porter heirs admit the agreement was to exchange equal mineral interests, but argue there was no agreement as to the fraction to be conveyed. They contend the unequal exchange arose because the Thalmans failed to reserve to themselves one-half the minerals in their tract. While this would have resulted in an equal exchange, Mrs. Porter would not have had a present mineral interest in the tract she was to receive. She could not then have fulfilled her contract with the Stigalls. By contracting with the Stigalls to convey no less than one-half the mineral estate to the Stigalls, Mrs. Porter demonstrated her understanding she was being granted at least one-half the mineral estate in the Thalman-to-Porter deed. The additional fact that

2. The jury answered special issues as follows:

1. Mrs. Porter agreed to exchange equal mineral interests in the forty acre tracts.

2. W. O. Murray, Jr., failed to embody the true agreement of the Thalmans and Mrs. Porter when he prepared the two deeds.

3. The deeds exchanged by Mrs. Porter and the Thalmans failed to convey equal mineral

interest as a result of the mutual mistake, misapprehension or inadvertence of the parties and their attorneys.

4. W. O. Murray, Jr., falsely represented to the plaintiffs that the mineral interest that would be conveyed by the terms of Mrs. Porter's deed was equal to the mineral interest the plaintiffs were conveying to Mrs. Porter.

Mrs. Porter only owned one-half the minerals in her tract, leads to only one conclusion: the parties intended to exchange one-half the minerals in each tract.

Mrs. Porter's attorney, Mr. Murray, testified that at all times it was his intention that there be an exchange of "equal mineral interests," and that was the result "we wanted." The only testimony by Mr. Murray which might be contrary to the conclusion the parties agreed to exchange one-half the minerals was his statement that at the time of the settlement conference the parties were not sure what mineral interests they held in the tracts. He testified as follows:

"It was desired that the minerals would be equalized between them, that each party would own the same amount of minerals after the settlement as they did prior to the settlement. In that connection, that the parties would have an option as to whether [to] reserve their minerals or to convey the minerals—to exchange minerals or to keep what they had."

When asked whether the agreement mentioned this "option," Mr. Murray stated he had a discussion with the Thalmans' attorney who was dictating the agreement into the court's record; and they agreed the word "may" meant "option." However, the transcript of the settlement agreement contains no mention of an option.

We hold the evidence that the parties had an option on the amount of minerals to be conveyed is so weak, when compared with the overt actions and admissions of the parties, as to do no more than create a mere surmise of its existence and is, in legal effect, no evidence. *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 755 (Tex. 1970); *Joske v. Irvine*, 91 Tex. 574, 44 S.W. 1059 (1898).

■ Mrs. Porter testified only by answers to interrogatories and requests for admissions. She stated it was her intent to convey no mineral interest to the Thalmans. Those answers could only be used against the Porter heirs, however, and were not binding on the Thalmans. *Sprouse v. Texas Employers' Ins. Ass'n.*, 459 S.W.2d 216, 220 (Tex.Civ.App.—Beaumont 1970, writ ref'd n. r. e.).

■ We hold, as a matter of law, the parties agreed to exchange one-half mineral interests in the tracts. Consequently, the submission of an issue on the fraction of mineral interest the parties agreed to convey was not required. *See Sullivan v. Barnett*, 471 S.W.2d 39 (Tex.1971).

*Mutual Mistake*

The above evidence shows Mr. Murray mistakenly put the 25 year reservation of one-half the minerals in the Porter-to-Thalman deed. Thalman's attorney telephoned Mr. Murray to verify that Mrs. Porter's deed conveyed one-half the minerals to the Thalmans. Mr. Murray said that it did. The only negative evidence concerning mistake, Mrs. Porter's answers to interrogatories and requests for admissions, cannot be used against the Thalmans. *Sprouse v. Texas Employers' Ins. Ass'n., supra.* We hold the parties were mutually mistaken as to the effect of the exchange of the deeds.

\* \* \*

■ The parties did not own equal mineral interests in their tracts prior to the exchange. We note the trial court's judgment still results in an unequal exchange. The reformation of the Porter-to-Thalman deed, removing the term reservation to Mrs. Porter, would convey all her mineral interests in the tract, a present undivided one-half interest. On the other hand, under the trial court's judgment, the Thalman-to-Porter deed would convey a present undivided one-half mineral interest plus a reversionary interest in the remaining one-half. To make the Thalman-to-Porter deed convey an equal mineral interest, that deed must also be reformed so that the Thalmans convey an undivided one-half mineral interest, not including their reversionary interest.

It is ordered that the Porter-to-Thalman deed and the Thalman-to-Porter deed be reformed to convey, in addition to the surface estate, a present undivided one-half interest in all oil, gas and other minerals.

The remainder of the judgment of the court of civil appeals is affirmed. We affirm the judgment of the trial court holding Sun Oil Company (Delaware) and the Porter heirs jointly and severally liable to the Thalmans for $14,363.74, the amount paid the Porter heirs by Sun.