Opinion issued March 12, 2009









 






In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00490-CV






RENAYE OCHOA AND THOM KARLOK, Appellants


V.


CITY OF GALVESTON, TEXAS AND CAROLYN COX, AS DIRECTOR
FOR CITY OF GALVESTON SERVICE COMMISSION, Appellees






On Appeal from the 405th District Court

Galveston County, Texas

Trial Court Cause No. 08CV0312






MEMORANDUM OPINION

 Appellants, Renaye Ochoa and Thom Karlok, challenge the trial court's order,
entered after a bench trial, denying them a temporary restraining order and a
temporary injunction against appellees, the City of Galveston, Texas ("the City") and
Carolyn Cox, as the director for the City of Galveston Service Commission, and the
trial court's declaration regarding the City's Collective Bargaining Agreement (the
"agreement") with the Galveston Municipal Police Association ("GMPA"). In two
issues, Ochoa and Karlok contend that the trial court erred in admitting parol
evidence regarding the agreement and in reforming the agreement.

 We affirm.

Factual and Procedural Background

 In their petition, Ochoa and Karlok, sergeants in the City's Police Department,
seek a declaration (1) of their right under the agreement to appeal their test results on the
Police Lieutenant's Written Promotional Examination and an injunction preventing
the City from promoting anyone to lieutenant until they have exhausted their appeals. 
Ochoa and Karlok each submitted an appeal of the testing and assessment procedures
conducted pursuant to the agreement. Cox, as the director of the City's Service
Commission, evaluated their appeals and ruled that section II(C) of the agreement
"specifically prohibits any assessment center appeals." Ochoa and Karlok allege that
Cox's ruling contradicts the express language of section III(C)(9) of the agreement.

 The trial court admitted into evidence the agreement, which in pertinent part
provides:

 Promotional Evaluation for Sergeants and Lieutenants


 I. Purpose and preemption of civil service provisions


 To establish a procedure for a departmental promotional
evaluation process for the ranks of police sergeant and police
lieutenant. The promotional process will objectively and
subjectively evaluate the job related knowledge, skills, and
abilities of candidates for these ranks and establish a rank-ordered
list of candidates for each position. This will be accomplished
through a written examination, seniority in grade, and an
assessment process.


 These procedures preempt any conflicting provisions of Chapter
143, Local Government Code.

 

 II. Method of scoring


 . . . .


 C. The City shall conduct Assessment Center testing, which
shall be designed to assess job related skills and abilities
necessary for the successful performance of each position
as determined by a job analysis. Assessment center testing
shall have a total maximum value of 50 points. The results
of the Assessment Center testing and scores shall NOT be
subject [to the] appeals process.


 . . . .


 III. Procedure


 . . . .


 C. Evaluation Procedure


 . . . .


 9. Candidates may appeal the assessment process in
accordance with the Civil Service Commission
Rules. Candidates must file written notice of appeal
with the Civil Service Director within ten (10)
business days after the assessment process is
completed.

 Ochoa and Karlok, members of the GMPA, both testified about the agreement. 
Ochoa could not recall whether he had read or voted for the agreement, explaining
that the GMPA bargains for its members, who "just basically agree to agree." Karlok
testified that he actually voted for the agreement. Both Ochoa and Karlok admitted
that they did not know what had been said during negotiations over the most recent
revisions to the agreement because neither of them had been a member of the GMPA
bargaining team.

 On cross-examination, Karlok acknowledged that section III(C)(9), the clause
in the agreement allowing for an appeal of the assessment process, had not been
removed because "[t]hey made a mistake." Nevertheless, he maintained that "mistake
or no mistake, it's still in there" and that "saying that it's a mistake doesn't make it
go away."

 Jimmy De Los Santos, president of the GMPA, testified that he led the
bargaining team that renegotiated the agreement with the City. During the
negotiations he had not realized that section III(C)(9) contradicted the last sentence
that they added to section II(C). De Los Santos testified that if he had looked at that
provision, he would have "probably fixed" it because the parties intended that the
assessment process not be subject to appeal. 

 Cox testified that in the recent renegotiation of the agreement, the GMPA
representatives and the City's negotiating team had agreed to add the language
prohibiting appeals in section II(C). She confirmed De Los Santos's testimony that
neither party had realized that the language in section III(C)(9) contradicted this
addition. 

 After the bench trial, the trial court ordered that section III(C)(9) be deleted
from the agreement because the parties, based on a mutual mistake, had not deleted
this language in the agreement.

Reformation of the Agreement

 In their second issue, Ochoa and Karlok argue that the trial court erred in
reforming the agreement by deleting section III(C)(9) because the evidence offered
by the City and Cox is legally and factually "insufficient to prove a mutual mistake
was made with respect to the [agreement]."

 We will sustain a legal sufficiency challenge if the record shows one of the
following: (1) a complete absence of evidence of a vital fact, (2) rules of law or
evidence bar the court from giving weight to the only evidence offered to prove a
vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or
(4) the evidence conclusively establishes the opposite of the vital fact. City of Keller
v. Wilson, 168 S.W.3d 802, 810 (Tex. 2005). In conducting a legal sufficiency
review, a court must consider evidence in the light most favorable to the verdict and
indulge every reasonable inference that would support it. Id. at 822. If the evidence
allows only one inference, neither jurors nor the reviewing court may disregard it. 
Id. However, if the evidence at trial would enable reasonable and fair-minded people
to differ in their conclusions, then the fact-finder must be allowed to do so. Id. A
reviewing court cannot substitute its judgment for that of the fact-finder, so long as
the evidence falls within this zone of reasonable disagreement. Id. 

 In conducting a factual sufficiency review, we must consider, weigh, and
examine all of the evidence that supports or contradicts the fact-finder's
determination. Plas-Tex, Inc. v. U.S. Steel Corp., 772 S.W.2d 442, 445 (Tex. 1989). 
We may set aside a verdict only if the evidence supporting it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong or unjust. Cain v. Bain,
709 S.W.2d 175, 176 (Tex. 1986). When conducting a factual sufficiency review, we
must not merely substitute our judgment for that of the fact-finder. Golden Eagle
Archery Inc. v. Jackson, 116 S.W.3d 757, 761 (Tex. 2003). The fact-finder is the sole
judge of the credibility of witnesses and the weight to be given to their testimony. Id.

 Reformation of a contract by a trial court is appropriate when a portion of the
contract is the result of the contracting parties' mutual mistake. Gilbane Bldg. Co.
v. Keystone Structural Concrete, Ltd., 263 S.W.3d 291, 300-01 (Tex. App.--Houston
[1st Dist.] 2007, no pet.) (citing Cherokee Water Co. v. Forderhause, 741 S.W.2d
377, 379 (Tex. 1987)). A mutual mistake occurs when the written contract does not
accurately reflect the common intention of the parties. Marcuz v. Marcuz, 857
S.W.2d 623, 627 (Tex. App.--Houston [1st Dist.] 1993, no pet.). The party seeking
reformation must prove that the written agreement contains or omits some term or
provision because of a mutual mistake shared by the parties to the agreement. 
Thalman v. Martin, 635 S.W.2d 411, 414 (Tex. 1982). In proving a mutual mistake,
a party may use parol evidence. Phoenix Network Techs. (Europe) Ltd. v. Neon Sys.,
Inc., 177 S.W.3d 605, 617 (Tex. App.--Houston [1st Dist.] 2005, no pet.) (citing
Williams v. Glash, 789 S.W.2d 261, 264 (Tex. 1990)).

 In regard to Ochoa and Karlok's legal sufficiency point, Cox testified that the
City agreed to add the final sentence in section II(C) to ensure that there would be no
appeals from the "results of the Assessment Center testing and scores." She testified
that when she approved the agreement she did not realize that section III(C)(9)
allowed appeals. Likewise, De Los Santos testified that the GMPA "representative
team agreed that [they] did not need appeals" from the assessment process. From this
evidence, the trial court could have reasonably found that the agreement contained
section III(C)(9) because of a mutual mistake of the parties to the agreement. 
Accordingly, we hold that the evidence is legally sufficient to support the trial court's
decision to reform the agreement.

 In regard to Ochoa and Karlok's factual sufficiency point, Ochoa and Karlok
both admitted that they had not been involved in renegotiating the agreement. 
Although they could testify about their understanding of the agreement, they could
not testify about the parties' intent to allow appeals from the assessment process. In
fact, Karlok admitted that he believed that the parties, because they had made a
mutual mistake, had neglected to omit section III(C)(9) from the agreement. 
Therefore, we conclude that the evidence supporting the trial court's order is not so
contrary to the overwhelming weight of the evidence as to be clearly wrong or unjust. 
Accordingly, we hold that the evidence is factually sufficient to support the trial
court's decision to reform the agreement. 

 We overrule Ochoa and Karlok's second issue.

Construing the Contract

 In their first issue, Ochoa and Karlok argue that the trial court erred in
considering parol evidence because the agreement is not ambiguous or, if ambiguous, 
should have been construed in their favor. However, a trial court does not reform a
contract based on the contract's ambiguity, but rather based on the existence of a
mutual mistake. E.g. Gilbane Bldg. Co., 263 S.W.3d at 300-01. In determining
whether a mutual mistake exists, justifying reformation of an agreement, a trial court
may consider parol evidence. Phoenix Network Techs., 177 S.W.3d at 617.

 Accordingly, we hold that the trial court did not err in considering parol
evidence.

 We overrule Ochoa and Karlok's first issue.

Conclusion

 We affirm the judgment of the trial court.




 

 Terry Jennings

 Justice


Panel consists of Justices Jennings, Keyes, and Higley.
1. See Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (Vernon 2008).